■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC

DILLARD, Appellant.—Judgment unanimously reversed, on the law, and new trial granted. Memorandum: During the course of this trial on charges of criminal possession and criminal sale of a controlled substance in the third degree, the police undercover agent testified that he purchased two packets of heroin from defendant between "1:27 and 1:30 p.m." on October 18, 1974. On cross-examination the witness was asked if he had previously testified in the trial of one Cecil Hollingsworth that he was with Cecil Hollingsworth at 1:30 P.M. on the same day but at another location in Buffalo. The witness stated that he remembered testifying in the Hollingsworth case but could not "remember the exact time or anything." Further questions attempted to refresh the witness' memory unsuccessfully. At the conclusion of the proof, defense counsel offered in evidence four pages of the trial transcript from the Hollingsworth trial to establish that at that time the witness had testified that he was with Hollingsworth at 1:30 P.M. on October 18, 1974 at another location. The court refused to receive the evidence, relying upon *People v Bornholdt* (33 NY2d 75). The specific issue in *Bornholdt* concerned the failure of a witness to state a particular fact in a prior statement. The court held that "a witness may not be impeached simply by showing that he omitted to state a fact, or to state it more fully at a prior time" *(People v Bornholdt, supra,* p 88). The present case does not involve a failure of the witness to state a fact on a prior occasion, but concerns a positive statement of fact by the undercover agent at the Hollingsworth trial that conflicts with his testimony at this trial. The transcript was properly offered to impeach the undercover agent's credibility and it was error to deny its admission into evidence *(People v Sepulveda,* 44 AD2d 846, 847). The error could not have been harmless. The agent was the only witness offered by the prosecution who observed the sale. He testified that he had never met defendant before and observed nothing unusual about his appearance. Defendant then took the stand and denied any part in the sale. He further testified that he had been seriously injured prior to October 18 and that at the time of the sale he still had several sutures in his head and facial injuries he had sustained. The evidence thus raised a sharp issue of mistaken identification by the prosecution's only witness to the sale. (Appeal from judgment of Erie Supreme Court—criminal possession controlled substance, third degree, etc.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.