THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYLENE AVERHART, Appellant.—Judgment unanimously affirmed. Memorandum: Only one point raised upon this appeal requires comment: Defendants' contention that the trial court erred in failing to charge justification. Defendants were convicted of robbery first degree (Penal Law, § 160.15, subd 3, robbery committed with a dangerous weapon) after trial upon indictments charging them with robbery first, robbery second and robbery third degree; grand larceny in the third degree, two counts; and criminal possession of a weapon, fourth degree. It was the victim's testimony that while stopped for a traffic light in the City of Syracuse in the early morning hours, defendants entered his car and robbed him at knife point. Defendants contended that the victim picked them up and propositioned them, that defendant Holmes agreed to have sex with him and that the victim parked his van for that purpose. Defendant Averhart then left the van and she alleges that after about 10 minutes she observed defendant Holmes struggling. She went to the rescue and, finding the victim choking defendant Holmes, she first hit him with her purse and when that failed to stop him, she threatened him with a knife. He eventually released Holmes, and the girls fled. Defendant Holmes admits that while she was in the car with the victim, she not only took the $40 which she says he gave to her for sex but also stole money from his wallet. She alleges that the victim was unaware of the theft from his wallet but attacked her and demanded return of his $40 when she refused to have sex with him. Defendants contend that Averhart's use of force was independent of the theft, that it occurred after it was completed and was justified to prevent harm to defendant Holmes. If it was, the use of the weapon could not be considered as part of a robbery. It is doubtful that the Legislature intended justification to be a defense to a particular element of a crime, i.e., use of a dangerous weapon in robbery first degree, as distinguished from a defense to a crime itself, i.e., assault or homicide. We need not decide that point because justification was not a defense available to these defendants on any view of the evidence. If defendant Averhart was unaware of defendant Holmes' theft of the money, she could not have been guilty of any crime charged in the indictment, save possession, and therefore justification was not relevant. If she was aware of the theft, justification was not a defense because the physical force was used or threatened during "the commission of the crime or of immediate flight therefrom" (Penal Law, § 160.15, subd 3; § 35.15, subd 1, par [b]). Similarly, justification was not a defense for defendant Holmes because if she was not acting in concert with Averhart, she did not use any physical force. Under those circumstances, she could not be guilty of a robbery with a dangerous instrument, but at most she was guilty of grand larceny. If she was acting in concert with defendant Averhart, justification was not a defense because the knife was used in furtherance of the crime. Justification was not a defense to the possession count against either defendant because physical force is not an element of that crime. Furthermore, it is clear that the jury believed that the defendants were acting in concert and using force to commit a robbery because, upon appropriate instructions, they ignored the larceny count of the indictment, which defendants admitted, and convicted both defendants of the higher crime of robbery first degree. Thus, although a charge of justification was not submitted to them, the jury by finding robbery rather than larceny, found, for all practical purposes, that defendant Averhart's use of the knife was not justified. (Appeal from judgment of Onondaga

Supreme Court—robbery, first degree.) Present—Cardamone, J. P., Simons, Doerr, Witmer and Moule, JJ.