■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNIE D. HOLMES, Appellant.—Judgment unanimously affirmed. Same memorandum as in *People v Averhart* (72 AD2d 931). (Appeal from judgment of Onondaga Supreme Court—robbery, first degree.) Present—Cardamone, J. P., Simons, Doerr, Witmer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC DILLARD, Appellant.—Case held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment following a jury verdict convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. He contends, *inter alia,* that he was denied his right to a speedy trial in violation of CPL 30.30 and as a consequence the indictment should have been dismissed. This was defendant's second trial on the same charges. He was found guilty of these charges on May 14, 1976 after a jury trial. On appeal the first judgment of conviction was reversed and a new trial granted on May 20, 1977 *(People v Dillard,* 57 AD2d 1049). That is the date when defendant's right to a speedy trial commenced pursuant to CPL 30.30 (subd 5, par [a]). He was rearraigned in Erie County Court on June 27, 1977 but the second trial did not commence until October 17, 1978. After rearraignment the People thereupon moved the case ready for trial and defendant was given 45 days in which to make appropriate motions, a period clearly chargeable to defendant. There followed various motions, including motions for change of counsel, but there is nothing to explain the passage of well over one year before defendant was brought to trial. Defendant made three separate motions to dismiss the indictment under CPL 210.20 (subd 1, par [g]). All were denied summarily. By defendant's calculations 452 days of this time lapse are chargeable to the People, to which the response is that calendar congestion was the cause of trial delay, and in any event the People called the case ready for trial. This response is not necessarily an acceptable excuse for the delay in bringing a defendant to trial *(People v Dean,* 45 NY2d 651). "Upon a showing by a preponderance of the evidence that the People were not ready for trial within six months of the commencement of the criminal proceeding (CPL 210.45, subd 7), an indictment must be dismissed unless the People establish statutory periods of exclusion which justify the delay (CPL 30.30, subd 4)." *(People v Del Valle,* 63 AD2d 830, 831; see, also, *People v Washington,* 43 NY2d 772; *People v Sturgis,* 38 NY2d 625; *People v Williams,* 67 AD2d 1094.) The motions made by defendant under CPL 210.20 were all denied without affording defendant a hearing and without findings or conclusions concerning the various periods in controversy. The case must be remitted so that the trial court may conduct a hearing and make appropriate findings in accordance with CPL 30.30 (subd 4) *(People v Cook,* 63 AD2d 841). (Appeal from judgment of Erie County Court—criminal sale controlled substance, third degree.) Present—Cardamone, J. P., Simons, Doerr, Witmer and Moule, JJ.