■ The People of the State of New York, Respondent, v Lawrence J. Wittmann, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant was convicted of driving while intoxicated. He appeals on the grounds that (1) he was denied a speedy trial, (2) section 1192 of the Vehicle and Traffic Law is unconstitutional, and (3) the verdict was against the weight of the evidence. In the recent case of *People v Cruz* (48 NY2d 419), the Court of Appeals sustained the constitutionality of section 1192 of the Vehicle and Traffic Law. The trial transcript shows clearly that the evidence was sufficient to sustain the verdict. The only question of substance on this appeal, therefore, is whether the People afforded defendant his right to a prompt trial as required by statute (CPL 30.30). Defendant was arrested on June 5, 1976 and taken before the Amherst Town Court where his case was adjourned to the 9th. On the 9th he appeared with his attorney, Mr. Di Nardo, who requested and

received an adjournment to June 16 for arraignment. On June 16 defendant was arraigned and posted $500 cash bail. The People's record indicates that the case was adjourned to July 26 and that defendant's attorney was notified thereof. Defendant's attorney testified that on June 21 he telephoned to the Clerk of the Amherst Town Court and stated that defendant waived a preliminary hearing and requested that the matter be sent directly to the Erie County Grand Jury. Neither defendant nor his attorney heard anything further about the charge until October, 1977, 16 months later, and defendant testified that from his conversation with his attorney he assumed that the charge had been dropped or dismissed, without return of bail. In the fall of 1977 defendant, who had held no New York State driver's license since 1973, applied to the State Department of Motor Vehicles for the issuance to him of such a license. The department replied by asking him about the June 5, 1976 charge against him for driving while intoxicated. Defendant contacted his attorney and on October 17, 1977 he and his attorney attended Amherst Town Court where he formally waived a preliminary hearing, and the matter was sent to the Grand Jury which indicted him on the charge on December 4, 1977. Four months thereafter, and 22 months after his arrest, defendant moved for dismissal of the charge and the indictment for failure of the People to accord him a speedy trial. County Court held a hearing on the motion on May 4, 1978 and denied it later that month. In July the District Attorney wrote to defendant's attorney suggesting that defendant take a reduced plea. Defendant's attorney states that on August 11, 1978 he asked for a week to consider with his client the matter of such a plea, and that on August 18, 1978 the suggestion was rejected. Five months later, on February 1, 1979, defendant again moved for dismissal of the indictment for failure to accord him a speedy trial. Without a hearing the court denied the motion; and defendant's trial began on February 27, 1979, resulting in his conviction in early March and his sentence on April 6, 1979. In explanation of the delay, the People assert that after defendant was arraigned on June 16, 1976 his attorney was notified that the case was adjourned to July 26, but that there was no court on that adjourned date and the case was adjourned at the court's request to August 9, 1976; that defendant did not appear on the latter date and so a Bench warrant was issued for him. There is no showing that either defendant or his attorney was notified of the adjournment to August 9. At the hearing in May, 1978, on defendant's motion to dismiss for failure to grant him a prompt trial, an officer testified that on August 24, 1976 he went to the address which defendant had given as his residence when arrested and defendant was not there, and he was told by an elderly gentleman there that he did not know where defendant was or when or if he would return. The officer made no other attempt to serve defendant, nor did he inquire of the post office or Social Security office concerning defendant's whereabouts. Although the People's records show that Mr. Di Nardo had appeared as defendant's attorney and that in June, 1976 the People had notified him of an adjournment, no attempt was made to inquire of him as to defendant's whereabouts. Defendant testified that on August 1, 1976 he moved to 56 Pyle Court, North Tonawanda, and lived there until December, 1977 when he moved to 9436 Foot Road, Akron; that on both occasions he notified the post office and Social Security office of his change of address; and that he received his mail regularly at his addresses. He also testified that he was regularly in touch with his attorney during this period with respect to several legal matters. His attorney confirmed this and stated that he frequently wrote to defendant and his letters were never returned. More-

over, defendant's attorney, Mr. Di Nardo, retained his same address throughout this period. The record shows that at all times after his arrest defendant was available to the prosecution and that even if the People had any excuse for not locating him in August, 1976, they had no excuse for not contacting his attorney and notifying defendant through him. It was the People's burden to bring the case to trial *(People v Sturgis,* 38 NY2d 625, 628). The People, therefore, were delinquent in prosecuting this case, and when the case was presented to the Grand Jury in the fall of 1977 it was already stale and subject to dismissal under CPL 30.30 *(People v Robinson,* 73 AD2d 809) and County Court erred in denying defendant's motion for dismissal in May, 1978. Thereafter, the People continued to be dilatory. Their offer to take a reduced plea did not automatically stop the running of their six months, time in which to bring defendant to trial *(People v Rivera,* 72 AD2d 922). Defendant concedes only that he is charged with seven days in August, 1978 by reason of his plea negotiation. Still, the case was not brought to trial until after defendant again moved on February 1, 1979, eight months after the May, 1978 motion was denied, for dismissal of the indictment for failure to bring him to trial. The court erred in not conducting a hearing on such motion (see *People v Dillard,* 72 AD2d 932). Upon the facts in this record the court erred in denying the motion *(People v Robinson, supra; People v Rivera, supra).* (Appeal from judgment of Erie County Court—driving while intoxicated.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.