■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS RUSHLOW, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from convictions after a jury trial of burglary, third degree, grand larceny, third degree, and criminal possession of stolen property, second degree, defendant argues that the testimony of two accomplices was not corroborated (see CPL 60.22) and that he was denied his statutory right to a speedy trial (see CPL 30.30). We disagree. The accomplice testimony was sufficiently corroborated by the testimony of one Addley, not an accomplice in the offense charged or a related offense (see CPL 60.22, subd 2), that defendant recounted to him various details pertaining to the crime and to his participation therein; such admissions may provide the necessary corroboration to connect the defendant to the crime so as reasonably to satisfy the jury that the accomplices were telling the truth (see *People v Ozarowski,* 38 NY2d 481, 488; see, generally, *People v Glasper,* 52 NY2d 970, 971). We reject defendant's argument that because Addley was an accomplice of defendant in other unrelated crimes his testimony is unbelievable and is, therefore, as a matter of law, incapable of furnishing corroboration. The credibility of Addley's testimony and its sufficiency as corroboration were questions properly submitted to the jury (see, generally, *People v Fiore,* 12 NY2d 188, 201-202). In denying defendant's CPL 30.30 motion, County Court found that defendant "consented to" and "occasioned" a period of delay in indicting him by attempting to negotiate a preindictment dismissal of the charges as part of a plea bargain disposing of other unrelated charges. Nowhere does defendant in an affidavit supporting the motion or on appeal take issue with this finding. Accordingly, that period was properly excluded from the time chargeable to the People, thus reducing the period of unexcused delay to less than 180 days (cf. *People v McCafferey,* 78 AD2d 1003; *People v Wittmann,* 73 AD2d 1053, 1054; *People v Rivera,* 72 AD2d 922, 923). (Appeal from judgment of Onondaga County Court, Burke, J. — burglary, third degree.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.