■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY ALBINO, Appellant. — Judgment, Supreme Court, New York County (L. M. Neco, J.), rendered April 21, 1982, convicting defendant, after jury trial, of the crimes of manslaughter in the first degree, manslaughter in the second degree and assault in the third degree (Penal Law, §§ 125.20, 125.15, 120.00), and sentencing him thereon to concurrent terms of 5 to 15 years on the manslaughter counts and one year on the assault count, is unanimously modified, on the law, to the extent that the conviction of manslaughter in the second degree is reversed, and that count is dismissed, and the judgment is otherwise affirmed.

Concededly the court erred in failing to submit the defense of justification to the jury with respect to manslaughter in the second degree and assault, both of which charged reckless conduct. (*People v Huntley,* 59 NY2d 868.) But this error was harmless because the court did submit the justification defense with respect to the charge of manslaughter in the first degree, involving intentional conduct, and the jury by convicting defendant on that count found beyond a reasonable doubt that defendant's conduct was not justified. Hence, defendant was not prejudiced by the court's failure to submit that defense with respect to the recklessness crimes. (Cf. *People v Averhart,* 72 AD2d 931.)

The conviction of reckless assault involved the very same conduct as the manslaughter, except that in swinging at the victim of the manslaughter, defendant happened to strike his friend Puma. In summation defendant's attorney conceded that the use of a knife constituted deadly physical force.

However, as the District Attorney concedes, the manslaughter in the second degree count should be dismissed because (a) the jury violated the Judge's instructions by considering the manslaughter in the second degree count when they were convicting defendant of manslaughter in the first degree, and (b) a verdict of guilty of a crime submitted in the alternative, while not deemed an acquittal of any lesser offense submitted (CPL 300.50, subd 4), customarily requires dismissal of the lesser included count. (See *People v Robinson,* 45 NY2d 448, 453.)

The remaining claims of error do not warrant any further interference with the judgment. Concur — Kupferman, J. P., Asch, Silverman and Kassal, JJ.