490 So.2d 198 (1986)
Santiago SANCHEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1190.
District Court of Appeal of Florida, Third District.
June 24, 1986.
*199 Bennett H. Brummer, Public Defender, and Entin, Schwartz, Dion, Sclafani & Cullen and Ronald Dion and Rick S. Cullen, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Randi Klayman Lazarus, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
PER CURIAM.
Sanchez appeals his conviction for trafficking in cocaine and his sentence on a charge of possession of cannabis. We affirm the conviction. We also affirm the sentence, with a modification.
Sanchez was charged in count two of the information with trafficking in cocaine. The jury was instructed that "if you decide that [trafficking in cocaine] has not been proven beyond a reasonable doubt, you will next need to decide if the defendant is guilty of [the] lesser included crime" of possession of cocaine. The jury returned one verdict form finding Sanchez guilty of trafficking in cocaine as charged in count two of the information and another verdict form finding him guilty of the lesser included offense of possession of cocaine. The jury was polled, acceded in the verdict and was discharged. Prior to discharge, defense counsel did not object to the verdict, nor did he request that the jury deliberate further to correct the mistake. After the jury was discharged, defendant's counsel expressed concern over the fact that the jury had returned verdicts on both the greater and the lesser included offenses. He asked for time to research the problem and, a few days later, moved to recall the jury, which motion was denied. The court adjudicated Sanchez only on the greater offense, trafficking in cocaine.
Sanchez' contention is that the verdicts on count two are inherently ambiguous and that, therefore, a retrial is mandated. We disagree.
First, Florida Rule of Criminal Procedure 3.570 requires that objections to verdicts be raised before the jury is discharged. See also Whilden v. State, 301 So.2d 35, 36 (Fla. 1st DCA 1974). A timely objection and request for cure would have allowed the trial court to cause the jury to further deliberate in order to correct the mistaken verdict. See Griffin v. State, 414 So.2d 1025, 1028-29 (Fla. 1982) (court may send a jury back for further deliberation to correct a mistaken verdict). Cf. Masters v. State, 344 So.2d 616 (Fla. 1st DCA) (not error to recall the jury immediately after discharge to correct their entering two verdicts on one count), cert. denied, 352 So.2d 173 (Fla. 1977). The proper procedure would have been to object to the verdict prior to discharge and have the jury correct it. See Dixon v. State, 437 N.E.2d 1318 (Ind. 1982); see also People v. Roberts, 112 A.D.2d 18, 490 N.Y.S.2d 381 (App.Div. 1985) (failure to protest verdict prior to discharge of jury waives the objection).
Second, even if the issue were properly preserved, a review of the record clearly demonstrates that the jury intended *200 to find Sanchez guilty of the greater offense. The evidence unquestionably supports a finding of guilt on the greater offense since it was uncontradicted that the amount of cocaine exceeded twenty-eight grams.[1] Additionally, the court's instructions required the jury to consider guilt on the greater offense first. Having found guilt on the greater offense, it was of course unnecessary for them to proceed any further.[2] Therefore, the verdict on the lesser offense is merely surplusage. Dixon; State v. Hill, 674 P.2d 96 (Utah 1983); see also People v. Albino, 104 A.D.2d 317, 478 N.Y.S.2d 908 (App.Div. 1984), affirmed, 65 N.Y.2d 843, 493 N.Y.S.2d 305, 482 N.E.2d 1221 (1985). Accordingly, the conviction for trafficking in cocaine is affirmed.
Sanchez was charged with, and found guilty of, possession of a misdemeanor amount of cannabis. While the trial court announced a sentence of one year on that charge, the written order reflects a sentence of one year and one day. The state has conceded that a clerical error occurred. We, therefore, strike the "one day" portion of the sentencing order and affirm the order as modified.
Conviction affirmed, sentence affirmed as modified.
NOTES
[1] Section 893.135(1)(b), Florida Statutes (Supp. 1982) makes the possession of 28 grams or more of cocaine a felony of the first degree known as trafficking in cocaine. The uncontradicted evidence shows that Sanchez was in possession of 39.7 grams of cocaine.
[2] The extraneous verdict could have been prevented in the first instance by instructions and a verdict form which made this point clear to the jury.