PER CURIAM.
The order of the trial court summarily denying the appellant’s 3.850 motion is reversed and remanded for further consistent proceedings. On remand, the trial court is directed either to attach those portions of the record which conclusively show the appellant is entitled to no relief, or, if such a showing cannot be determined from the face of the record, conduct an evidentiary hearing. The court should specifically address the following issues raised by appellant in his motion for postconviction relief: (1) Whether the terms of the negotiated plea agreement include the prosecution’s agreement to remain mute during sentencing, and, if so, whether the state complied with this stipulation? (2) Whether a pre-sentence investigation report (PSI) was considered by the court in sentencing, and, if it was considered, was the appellant prejudiced by the court’s failure to disclose to the defense all factual material in the PSI a reasonable time prior to sentencing, pursuant to Florida Rule of Criminal Procedure 3.713? (3) Whether the appellant was denied effective assistance of counsel because of defense counsel’s failure to object to either of these alleged errors?
REVERSED and REMANDED.
ERVIN, THOMPSON and WIGGINTON, JJ., concur.