698 So.2d 386 (1997)
Marcus McMANN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3740.
District Court of Appeal of Florida, Fourth District.
August 27, 1997.
*387 Richard B. Barkin, Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
The appellant challenges his conviction and sentence for shooting into a building, contending that the court made evidentiary and sentencing errors. We find no reversible error as to his conviction. However, we reverse the sentence for a new sentencing hearing because the court should have granted the appellant's motion for continuance of the original sentencing hearing.
This case arises from a "shooting into a building" incident which is made factually complex by the number of people involved and their relation to one another. In the first issue on appeal, the appellant claims that the procedure for out-of-court identification by witnesses was unnecessarily suggestive, tainting both the identifications and the subsequent in-court identifications. We find this issue to be without merit, because those persons who were called on to make the out-of-court identifications had named the appellant, who they all knew, as the perpetrator even before being presented with the lineup.
Appellant also claims that the trial court abused its discretion in allowing the state to present cumulative and prejudicial testimony regarding the number of bullet holes found in the premises and the age of the individuals in the house. However, the admissibility of evidence is a matter within the wide discretion of the trial court, and in the absence of an abuse of discretion, the trial court's ruling on admissibility will not be overturned. See Bradford v. State, 460 So.2d 926, 930 (Fla. 2d DCA 1984); accord Jent v. State, 408 So.2d 1024, 1029 (Fla.1981), modified on other grounds by Preston v. State, 444 So.2d 939 (Fla.1984). Even if some of the evidence was cumulative, we do not find that it constituted harmful error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The issue in this case was one of identity of the shooter. The testimony regarding the number of bullets fired and the ages of the home's occupants would not have affected whether the jury believed the eyewitnesses or the appellant's alibi witnesses as to appellant's involvement in the crime.
We also find no abuse of discretion in the trial court's denial of appellant's supplemental motion for new trial and motion for continuance of the evidentiary hearing on his supplemental motion for new trial. Although appellant sought to pursue a potential violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), there was no reasonable probability that the result of the trial would have been different if the evidence had been disclosed to the defense. Frierson v. State, 677 So.2d 381 (Fla. 4th DCA 1996), rev. denied, 689 So.2d 1072 (Fla. 1997). The defense sought to question the testimony of a firearms expert who originally linked three crimes together, including the crime for which the appellant was tried, based upon ballistic evidence. However, the expert later explained that he had misspoken when he linked the three crimes together. Instead, in the instant case, one gun was used; in the second case, a robbery, a second gun was used; and in the third case, both the first and second guns were used. We fail to see how the information would have been exculpatory to the appellant. Furthermore, the state argues that the information would have never been admissible in evidence under State v. Savino, 567 So.2d 892, 894 (Fla. 1990), which held that although a defendant may present "reverse Williams rule evidence" for exculpatory purposes if relevant, such evidence must still meet the similarity requirement showing that the crimes sought to be admitted have a close similarity of facts, a unique "fingerprint" type of evidence. Here, the crimes sought to be linked have little, if any, similarity other than the use of a gun.
We also conclude that the trial court did not abuse its discretion in denying appellant's more generic motion for new trial which claimed that the verdict was against the manifest weight of the evidence. It does not appear that appellant sought a ruling on his original motion, relying instead on the *388 supplemental motion on the alleged Brady violation. By failing to procure a ruling on the original motion, the appellant waived the issue. Flanagan v. State, 586 So.2d 1085, 1092 (Fla. 1st DCA 1991),approved in part on other grounds, 625 So.2d 827 (Fla.1993), disapproved in part on other grounds, State v. Jones, 625 So.2d 821 (Fla.1993).
We reverse the sentence for a new sentencing hearing because the defense was not given sufficient time to prepare to contest the convictions used for habitualization of the appellant. Although the presentence investigation report was prepared and ready for defense counsel three days prior to the scheduled sentencing hearing, Mother Nature intervened. During the critical days prior to the sentencing hearing, the courthouse was closed due to severe storms and flooding. Thus, defense counsel was unable to review the PSI until the afternoon prior to the hearing. He did not have an opportunity to investigate the prior convictions on which the state relied in sentencing the appellant.
The appellant was facing a lengthy sentence as a result of the state's attempt to habitualize him. Defense counsel should have been given an adequate opportunity to investigate the prior convictions upon which the state relied. A conviction which has been set aside, an uncounseled conviction, or a conviction on appeal could not be counted for purposes of habitualization. We do not think that less than a day to investigate these issues constitutes a reasonable time prior to sentencing. See Fla. R.Crim. P. 3.713(b) ("The trial judge shall disclose all factual material, including but not limited to the defendant's ... prior convictions, ... to the defendant and the state a reasonable time prior to sentencing."); Eutsey v. State, 383 So.2d 219, 226 (Fla.1980) (defendant should be provided PSI, including any part relied on for habitual sentencing, sufficiently in advance of the hearing to permit defendant adequate time to prepare and to respond).
Affirmed in part; reversed in part and remanded.
SHAHOOD, J., concurs.
STONE, C.J., concurring in part in dissenting in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
I dissent with respect to reversing Appellant's sentence. In my judgment, the denial of the motion to continue was not an abuse of discretion. In all other respects, I fully concur.