768 So.2d 1140 (2000)
Willie R. MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4322.
District Court of Appeal of Florida, First District.
August 30, 2000.
Rehearing Denied October 6, 2000.
Appellant, pro se.
*1141 Robert A. Butterworth, Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
The defendant, Willie Moore, appeals a final order denying his motion for postconviction relief under rule 3.850 of the Florida Rules of Criminal Procedure. He contends that his sentence under the habitual offender statute should be vacated, because the trial court imposed the sentence without the benefit of a presentence investigation. We conclude that the defendant has waived the right to assert this claim in a postconviction motion and therefore we affirm.
A jury in Bay County found the defendant guilty of possession of cocaine, possession of drug paraphernalia and tampering with evidence, and the trial court sentenced him on April 22, 1998, for each of these crimes. During the sentencing hearing, the state offered into evidence certified copies of two prior convictions. The records attached to the trial court's order show that the defendant had received proper notice of his potential habitual offender status, and that the two prior convictions qualified as a predicate for a habitual offender sentence. These prior offenses were used to support a sentence of seven years as a habitual offender on the charge of tampering with evidence. The defendant appealed, but his convictions and sentences were affirmed. See Moore v. State, 708 So.2d 346 (Fla. 1st DCA 1998).
Following his unsuccessful appeal, the defendant filed a postconviction motion in the trial court under rule 3.850 of the Florida Rules of Criminal Procedure. Among other claims asserted in the motion, the defendant contended that he was sentenced as a habitual offender in violation of section 775.084(3)(a)1, Florida Statutes. This statute provides that "[t]he court shall obtain and consider a presentence investigation prior to the imposition of a sentence as a habitual felony offender or a habitual violent felony offender." The trial court rejected the defendant's claim in an order summarily denying the motion. The denial was based on attached sentencing records showing that the defendant had been convicted of qualifying felony offenses twice before, and that the sentencing judge had made a finding that the offenses were sufficient to justify an enhanced sentence under the habitual offender statute. Once again, the defendant has appealed to this court.
We agree that the trial court erred in imposing a habitual offender sentence without ordering a presentence investigation, but the issue we must determine here is whether the defendant is now precluded from asserting this claim. The Florida courts have often said that "[i]ssues that were, or could have been, raised on direct appeal are not cognizable on collateral attack." See, e.g., Lopez v. Singletary, 634 So.2d 1054, 1056 (Fla.1993); Johnson v. State, 593 So.2d 206 (Fla.1992). This broad statement of the rule includes two different kinds of procedural defaults. A defendant who did present an issue on direct appeal cannot raise the same issue again in a subsequent postconviction motion, because the decision of the appellate court is the law of the case.[1] In contrast, a defendant who did not present an issue on direct appeal when a remedy was then available, cannot raise the issue in a subsequent postconviction motion, because the right to present the issue is waived. See *1142 People v. Enoch, 146 Ill.2d 44, 165 Ill.Dec. 719, 585 N.E.2d 115 (1991); Engberg v. Meyer, 820 P.2d 70 (Wyo.1991). Of these two discrete forms of procedural default, the one that applies here is waiver.
The defendant could have objected when the trial judge decided to sentence him as a habitual offender without the benefit of a presentence investigation. Furthermore, he had a second chance to object in the trial court by filing a motion to correct the sentence under rule 3.800(b). Had the issue been preserved for review by a contemporaneous objection or rule 3.800(b) motion, it could have been presented on direct appeal.[2] Failure to order a presentence investigation as required by section 775.084(3)(a)1 is an error that has been corrected on direct appeal in other cases. See Burns v. State, 682 So.2d 675 (Fla. 4th DCA 1996); Bardwell v. State, 617 So.2d 431 (Fla. 4th DCA 1993). The defendant's waiver of the right to pursue these remedies in the trial court and on direct appeal is a procedural default that serves as a bar to consideration of the issue in a subsequent postconviction motion under rule 3.850.
Although the procedural default rule is most often applied to errors committed in the course of a trial, it can also be applied to sentencing errors. Rule 3.850(c) provides in material part that postconviction relief is not available for a claim "that could have or should have been raised at trial and, if properly preserved, on direct appeal, of the judgment and sentence." (emphasis added). Hence it is clear from the terms of the rule that the concept of procedural default can be applied not only to errors in a trial, but also to sentencing errors. In accord with this principle, the supreme court has applied the procedural default rule to various kinds of sentencing errors. See, e.g., Hall v. State, 742 So.2d 225 (Fla.1999); Harvey v. Dugger, 656 So.2d 1253 (Fla.1995); Torres-Arboleda v. Dugger, 636 So.2d 1321 (Fla.1994); Roberts v. State, 568 So.2d 1255 (Fla.1990). As these decisions illustrate, a sentencing issue may not be cognizable in a postconviction motion if it could have been presented on direct appeal.
This limitation on the right to seek postconviction relief from a sentencing error is consistent with the general purpose of rule 3.850. Despite its widespread use, rule 3.850 does not provide a mechanism for further review as a matter of course in every criminal case. To the contrary, the rule affords an extraordinary remedy for a limited class of errors that cannot be corrected on direct appeal. As the supreme court has often said, rule 3.850 was not intended as an opportunity for a second appeal. See, e.g., Woods v. State, 531 So.2d 79 (Fla.1988); McCrae v. State, 437 So.2d 1388 (Fla.1983). The policy considerations underlying this statement are no less applicable to errors in the sentencing process.
In the present case we have no reason to relieve the defendant of his own procedural default. He should not be allowed to wait until nearly two years after the completion of the trial and direct appeal to complain about the trial court's failure to order a presentence investigation, when he could have made the same point at the time of the sentencing. If the error had been brought to the trial court's attention at sentencing, it might have been cured. In any event, the issue is one that could have been raised before. It is not a collateral issue as would be the case if new mitigation had surfaced or if a fundamental change in the law had required a different sentence.
We recognize that some kinds of sentencing errors are open to review in a *1143 postconviction proceeding even they could have been presented earlier on direct appeal. For example, if the trial court has imposed consecutive habitual offender sentences in violation of the rule in Hale v. State, 630 So.2d 521 (Fla.1993), the error can be corrected in a timely postconviction motion under rule 3.850. See State v. Callaway, 658 So.2d 983 (Fla.1995). Likewise, a claim that the sentence is illegal can be asserted at any time in a proceeding under rule 3.800(a) even if it could have been raised earlier. As the court explained in State v. Mancino, 714 So.2d 429, 433 (Fla.1998), an illegal sentence is one that "patently fails to comport with statutory or constitutional limitations."
However, these exceptions are of no benefit to the defendant in the present case. The trial court's failure to consider a presentence investigation was merely a procedural error in the sentencing process. An error such as this cannot be fairly compared to a violation of the rule in Hale, which results in a sentence that is not authorized by statute. Nor can the sentence in this case be characterized as an illegal sentence as that term is defined in Mancino. Here, the record shows that the defendant had been previously convicted of two qualifying felony offenses and that he received adequate notice of the state's intention to seek an enhanced sentence. The sentence therefore met the applicable statutory and constitutional requirements.
For these reasons, we affirm the denial of the defendant's postconviction motion. Although the trial judge should have considered a presentence investigation before imposing a sentence under the habitual offender sentence, the defendant has now waived the right to complain of this error. The defendant had an opportunity to preserve this issue for review and raise it on direct appeal, but failed to avail himself of that opportunity.
Affirmed.
DAVIS, J., CONCURS. BENTON, J., DISSENTS WITH OPINION.
BENTON, J., dissenting.
In his amended motion for post conviction relief, Willie R. Moore, who was sentenced as a habitual felony offender, alleged that his "[t]rial counsel was ineffective for not objecting to ... [his] sentencing... without the consideration of a PSI report." He further alleged that "[a]bsent the consideration of the PSI report the defendant was greatly prejudice[d]" and that: "Had the court had the benefit of a PSI report at the sentencing hearing the outcome may well have been different."
Today's decision nevertheless affirms summary denial of the amended motion for post conviction relief on grounds Mr. Moore (as opposed to allegedly ineffective trial counsel) somehow waived the right to complain about the lack of a presentence investigation report. But the trial court did not conduct an evidentiary hearing and made no finding that Mr. Moore personally waived the right to have a presentence investigation report considered or that he even knew of such a right. Cf. Likely v. State, 583 So.2d 414 (Fla. 1st DCA 1991). I would reverse the order under review and remand for further proceedings.
All agree that the statute unequivocally requires a sentencing court to "obtain and consider a presentence investigation [report] prior to the imposition of a sentence as a habitual felony offender," § 775.084(3)(a)1., Fla. Stat. (1997), but that this was not done in Mr. Moore's case. Whether predicate convictions exist is but one point on which the presentence investigation report is pertinent. See § 775.084(3)(a)6., Fla. Stat. (1997). Predicate convictions do not make sentencing as a habitual felony offender mandatory. "Clearly a court has discretion to choose whether a defendant will be sentenced as an habitual felony offender." State v. Hudson, 698 So.2d 831, 833 (Fla.1997). See Burdick v. State, 594 So.2d 267, 271 (Fla.1992). Before exercising that discretion, a presentence investigation report must be obtained and considered.
*1144 In cases decided before enactment[*] of the Criminal Appeals Reform Act of 1996, section 924.051(3), Florida Statutes, we vacated sentences on direct appeal even though "counsel had an opportunity to request a presentence investigation and an opportunity to object to the sentencing without ... investigation ... [but] failed to do so." Harden v. State, 290 So.2d 551, 551 (Fla. 1st DCA 1974); see Wilkerson v. State, 583 So.2d 428, 428-429 (Fla. 1st DCA 1991). See also Barfield v. State, 524 So.2d 733, 733 (Fla. 1st DCA 1988)(reversing denial of a motion for post-conviction relief with directions that the trial court "specifically address" whether "a presentence investigation report (PSI) was considered by the court in sentencing").
Mr. Moore's right to have the habitual offender sentence vacated on direct appeal could not be questioned, if objection to imposition of sentence as a habitual felony offender without benefit of a presentence investigation report had been made and overruled. See, e.g., Kelly v. State, 727 So.2d 1084, 1085 (Fla. 2d DCA 1999) (holding "duty to obtain and consider a presentence investigation obviously includes the obligation to consider a challenge to the accuracy of the report"); McMann v. State, 698 So.2d 386, 388 (Fla. 4th DCA 1997)(reversing for a new sentencing hearing where "defense counsel was unable to review the PSI until the afternoon prior to the hearing"). Persuaded that the amended motion for post conviction relief adequately alleged that trial counsel rendered ineffective assistance in failing to request a presentence investigation report and in failing to object to its absence, I respectfully dissent.
NOTES
[1] Some states would use the term res judicata to refer to the kind of issue preclusion that applies when an issue presented in a postconviction motion has been decided in a previous direct appeal, see People v. Neal, 142 Ill.2d 140, 154 Ill.Dec. 587, 568 N.E.2d 808 (1990), but it is more accurate under Florida law to say the issue is precluded by the doctrine of the law of the case. An issue decided by an appellate court is not open for consideration by the trial court in a subsequent proceeding in the same case. See Brunner Enterprises, Inc. v. Department of Revenue, 452 So.2d 550 (Fla.1984); Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965).
[2] The defendant also argued that his counsel was ineffective for neglecting to raise the issue on direct appeal, but this claim was properly rejected, as well. As the trial court concluded, the defendant failed to make the proper showing of prejudice. He did not dispute the fact that he qualifies for an enhanced sentence under the habitual offender statute. Nor did he suggest that a presentence investigation would have revealed mitigating evidence that might have prompted a different result.
[*] After enactment of the Criminal Appeals Reform Act of 1996, but before the decision in Maddox v. State, 760 So.2d 89 (Fla.2000), we held the lack of a presentence investigation report was not cognizable on direct appeal where "appellant did not object below or raise the issue[] by filing a motion pursuant to rule 3.800(b), Florida Rules of Criminal Procedure." Gayton v. State, 725 So.2d 1179, 1180 (Fla. 1st DCA 1998).