ORDER ON MOTION FOR REHEARING

PER CURIAM.
The appellee filed a motion for rehearing on June 20, 2001 asserting this court overlooked or misapprehended points of fact and law. We deny the motion.
Although Bay County Ordinance 94-06 provides for a service charge in addition to the amount authorized by the Florida Legislature, the trial court could not require the appellant to pay more than what the legislature has authorized. See Majors v. State, 658 So.2d 1234 (Fla. 1st DCA 1995)(holding defendant could not be required to pay a cost which exceeded the amount authorized by statute); Reyes v. State, 655 So.2d 111, 114 (Fla. 2d DCA 1995)(holding en banc that costs must be authorized by statute, not by a county ordinance); Williams v. State, 596 So.2d 758, 759 (Fla. 2d DCA 1992)(striking a $300 fee assessed pursuant to a county court administrative order because it was not specifically authorized by statute).
Furthermore, the appellee asserts the appellant waived any objections to the law library fee, the public defender lien, and restitution by failing to object and acquiescing at the sentencing hearing. Those objections were not waived because the appellant filed a timely rule 3.800(b) motion. See Fla. R.App. P. 9.140(d)(pro-viding that a sentencing error may not be raised on appeal unless the alleged error has been brought to the trial court’s attention by an objection during sentencing or by a rule 3.800(b) motion); Moore v. State, 768 So.2d 1140, 1142 (Fla. 1st DCA 2000)(noting that a sentencing error could not be addressed by this Court because the issue was not raised through a contemporaneous objection or by a rule 3.800(b) motion); Campbell v. State, 745 So.2d 500 (Fla. 1st DCA 1999)(holding that while the appellant did not object at sentencing to the imposition of a public defender lien, the issue could be addressed on appeal because the appellant filed a timely rule 3.800(b) motion with the trial cjurt).
Accordingly, the appellee’s motion for rehearing is denied.
ALLEN, C.J., and VAN NORTWICK and POLSTON, JJ., CONCUR.