DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**KURT JAMES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-3374

[November 5, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 10018618CF10A.

Kurt James, Blountstown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The pro se defendant[1] appeals his conviction and sentence for carjacking and robbery. He raises four issues. Among them, he argues the court fundamentally erred in accepting a jury verdict that convicted him of lesser-included offenses when he did not request instructions on lesser-included offenses. We find no merit in any of the issues raised and affirm, but write to address the verdict issue.

The State charged the defendant and others with carjacking with a firearm, robbery with a firearm, resisting an officer without violence, and possession of cannabis. At the charge conference, the defendant told the court he did not want the jury instructed on lesser-included offenses; the

---

[1] The defendant requested a *Faretta* hearing. *See Faretta v. California*, 422 U.S. 806 (1975). The trial court determined he could represent himself. The court appointed a public defender as standby counsel who assisted the defendant during the trial. At every stage of the trial and sentencing the defendant insisted on representing himself.

State agreed. The court eliminated the lesser-included offenses from the jury instructions and verdict form. The jury returned the verdict form with the word "Firearm" crossed out and initialed, finding the defendant guilty of carjacking and robbery without a firearm. The jury acquitted the defendant of the two remaining offenses.

When the court received the verdict, it noted the jury's alteration to the verdict form. The court discussed it with the parties, but ultimately accepted the verdict as rendered.

> THE COURT: All right, I'm just going to take the verdict as it is. I think there is no lesser included offense. However, you have to find beyond a reasonable doubt that he is guilty of carjacking with a firearm or not. Now possessing a firearm I guess is implicit if you find carjacking with a firearm. But I don't build these, I just land them. So it will be up to the state, that's their problem.

The defendant remained silent.

After the court discharged the jury, the defendant commented, "[t]he issue was I never went to trial on carjacking or robbery." The court asked the State to provide input on the issue. The next day, the court reconvened to further discuss the issue. The court then found the defendant had waived the issue by not objecting prior to the jury's discharge and the verdict reflected a jury pardon.

After denying the defendant's multiple post-trial motions, the court adjudicated the defendant guilty, and sentenced him to twenty-five years' imprisonment for the carjacking conviction with credit for time served, followed by two years of community control and three years of probation. The court imposed a concurrent sentence of ten years' imprisonment for the robbery conviction with credit for time served, followed by two years of community control and three years of probation.

The defendant argues on appeal that because he and the State agreed not to include the lesser-included offenses in the instructions and verdict form, it was fundamental error for the court to accept the jury's altered verdict form finding him guilty of robbery and carjacking without a firearm. The State responds that the defendant failed to preserve the error by a timely objection, and agrees that the verdict simply reflected a jury pardon, which was supported by the evidence.

2

We review the orders denying the defendant's post-trial motions for a clear abuse of discretion. *State v. Woodson*, 330 So. 2d 152, 154 (Fla. 4th DCA 1976); *see McMann v. State*, 698 So. 2d 386, 387 (Fla. 4th DCA 1997). We find no abuse here.

"[A]n objection to any irregularity in a verdict must be raised while the jury is still in court." *Denmark v. State*, 656 So. 2d 166, 167 (Fla. 1st DCA 1995; *see* Fla. R. Crim. P. 3.570. This is because a timely objection allows the trial court to have the jury further consider the issue and correct any mistake. *Sanchez v. State*, 490 So. 2d 198, 199 (Fla. 3d DCA 1986).

Here, the defendant failed to preserve the issue. He did not object when the trial court had the opportunity to allow the jury to further consider the issue. We are also persuaded by the fact that the only difference in the charged crime and the jury's finding of guilt is the absence of a firearm. Use of a firearm is actually an enhancement of the underlying crime, not a completely different offense. The jury actually acquitted the defendant of the enhancement. As the trial court noted, "there is no lesser included offense." Instead, it was a not guilty finding of the defendant's use of a firearm.

We agree with the trial court that this verdict reflected a jury pardon. We cannot say that such a pardon constituted fundamental error. *See Jaimes v. State*, 51 So. 3d 445, 448 (Fla. 2010).

*Affirmed.*

WARNER and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**