IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LESTER JOHNSON,

      Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D14-890

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 2, 2015.

An appeal from the Circuit Court for Duval County.
Kevin A. Blazs, Judge.

Nancy A. Daniels, Public Defender, and Gail E. Anderson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

OSTERHAUS, J.

      Lester Johnson, III, appeals his convictions and sentences for sale or delivery of cocaine within 1000 feet of a church (Count 1) and possession of cocaine with intent to sell or deliver (Count 2). He raises four issues on appeal. We affirm three

of them without comment, but write to address Mr. Johnson's contention that the trial court should have reinstructed the jury as to Count 1 after it marked him guilty on the verdict form of *both* the highest charged crime *and* the necessary lesser included offense. Under the circumstances here, we hold there was no error in the trial court's decision not to reinstruct the jury because the verdict demonstrated the jury's intention to convict Mr. Johnson of the main offense.

## I.

The issue in this case involves the verdict form at Mr. Johnson's trial. At Mr. Johnson's trial on the two counts, the State's evidence reflected that a police officer saw an illegal drug transaction at a bus stop between Mr. Johnson and a man later identified as Tony Campbell. The officer saw Mr. Johnson hand Mr. Campbell something small and white, and Mr. Campbell hand Mr. Johnson something that looked like green currency. Shortly thereafter, officers detained both men and found each to be in possession of crack cocaine. Mr. Johnson testified that he possessed cocaine, but that it was for his personal use as he is an addict. He also testified that Mr. Campbell approached him about buying an umbrella, not crack, and that he did not sell or offer to sell crack to Mr. Campbell.

During the jury charge, the trial court instructed the jury on both the main and lesser included crimes charged. Following the instructions on the main charge (sale or delivery of cocaine), the trial court instructed that:

In considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the main crime of which he is accused, there may be evidence that he . . . committed other acts that would constitute a lesser included crime. Therefore, if you decide that the main accusation has not been proven beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime. The lesser included crime indicated in the definition is possession of cocaine.

After deliberating, the jury returned its verdict on Count 1 by marking Mr. Johnson guilty of the main crime on the verdict form: "We, the jury, find the Defendant guilty of Sale, Manufacture, or Deliver[y] of Cocaine, as charged in the information." It also marked a special finding "that the Defendant was within 1000 feet of a Church during the commission of the offense."

In addition to this finding, however, it also marked Mr. Johnson guilty of the lesser included offense: "We, the jury, find the Defendant guilty of Possession of Cocaine, a lesser included offense." The jury did *not* mark the last option on the form for Count 1: "We, the jury, find the Defendant, not guilty."

After reading the verdict himself, the trial judge called for a sidebar conference and advised the parties of a "troubling anomaly in the verdict form," stemming from the jury's finding of guilt on both the main and lesser-included offense. Defense counsel requested a mistrial, arguing "they [the jury] obviously don't understand the instructions they have been given, and I don't think once they've selected a verdict and a finding that everybody has agreed to[,] that we cannot ask them to go back and reach a different verdict." But after giving the parties

3

time to research the issue, the trial court cited <u>Sanchez v. State</u>, 490 So. 2d 198 (Fla. 3d DCA 1986), and decided not to reinstruct the jury because anomalies of this sort have been viewed by appellate courts in the past as "surplusage." The court denied Mr. Johnson's motion for mistrial and his request to send the jury back for further deliberation. Upon finding that the jury had rendered a legally sufficient verdict, the trial court published the verdict on Count 1 and polled the jury, which confirmed the guilty verdict on Count 1 to be their unanimous verdict.

The court adjudicated Mr. Johnson guilty of the main offense in Count I and subsequently imposed a 15-year prison sentence to run concurrent with a 15-year sentence given on Count 2. This appeal followed.

## II.

Citing Florida Rule of Criminal Procedure 3.530, Mr. Johnson argues on appeal that the court should have instructed the jury to reconsider its verdict and choose either the main offense charged or the lesser-included offense. Rule 3.530, entitled "Reconsideration of Ambiguous or Defective Verdict," provides in pertinent part as follows:

> If a verdict is so defective that the court cannot determine from it whether the jurors intended to acquit the defendant or to convict the defendant of an offense for which judgment could be entered under the indictment or information on which the defendant is tried, . . . the court shall, with proper instructions, direct the jurors to reconsider the verdict, and the verdict shall not be received until it shall clearly appear therefrom whether the jurors intended to convict or acquit the defendant

4

and on what count or counts they intended to acquit or convict the defendant.

Fla. R. Crim. P. 3.530. Rule 3.530 thus requires trial courts to resubmit the case to the jury with instructions to further deliberate *only if* the jury verdict is so defective that it cannot be determined whether the jury intended to acquit or convict the defendant of an offense. Here, there was no question that the jury intended to convict Mr. Johnson on Count 1; rather the anomaly on the verdict form was that it found Mr. Johnson guilty of two offenses, both the main and lesser included offenses.

Sanchez is instructive in this situation because, like Mr. Johnson's case, "[t]he jury was instructed that 'if you decide that [trafficking in cocaine] has not been proven beyond a reasonable doubt, you will next need to decide if the defendant is guilty of [the] lesser included crime' of possession of cocaine." Id. at 199. The jury then found the defendant "guilty of trafficking in cocaine as charged in count two of the information and . . . guilty of the lesser included offense of possession of cocaine." Id. The court polled the jury and confirmed the verdict. Id. Sanchez included a key preservation issue that doesn't apply here; but the Third District's opinion speaks persuasively nonetheless to the core of Mr. Johnson's argument here:

> [E]ven if the issue were properly preserved, a review of the record clearly demonstrates that the jury intended to find Sanchez guilty of the greater offense. The evidence unquestionably supports a finding of guilt on the greater offense since it was uncontradicted that the amount of cocaine exceeded twenty-eight grams. Additionally, the court's instructions required the jury to consider guilt on the greater offense first. Having found guilt on the greater offense, it was of course

5

unnecessary for them to proceed any further. Therefore, the verdict on the lesser offense is merely surplusage. <u>Dixon</u>[v. State, 437 N.E.2d 1318 (Ind. 1982)]; <u>State v. Hill</u>, 674 P.2d 96 (Utah 1983); <u>see also</u> <u>People v. Albino</u>, 104 A.D.2d 317, 478 N.Y.S.2d 908 (App.Div.1984), affirmed, 65 N.Y.2d 843, 493 N.Y.S.2d 305, 482 N.E.2d 1221 (1985). Accordingly, the conviction for trafficking in cocaine is affirmed.

490 So. 2d at 199-200 (footnotes omitted).

This analysis in <u>Sanchez</u> explains why we find the verdict form was not reversibly defective here under Rule 3.530. Applying the <u>Sanchez</u> factors in Mr. Johnson's case, the record demonstrates that the State's evidence backed Mr. Johnson's guilt on the greater charged offense: credible eyewitness testimony through an undercover police officer to the sale or delivery of the cocaine to Mr. Campbell; corroborative evidence through the officer apprehending Mr. Campbell and finding cocaine on his person; credible cumulative testimony that the sale occurred within 1,000 feet of a church; and credible testimony through the police officers (and Mr. Johnson's admission on the stand) that Mr. Johnson was in possession of cocaine. Additionally, as in <u>Sanchez</u>, the jury was instructed on the greater offense first and properly told to consider the lesser-included offense (which was admitted by Mr. Johnson) next; and the jury was polled and confirmed their verdict on Count 1. "Absent a finding to the contrary, juries are presumed to follow the instructions given them." <u>Carter v. Brown & Williamson Tobacco Corp.</u>, 778 So.

6

2d 932, 942 (Fla. 2000) (citing <u>Sutton v. State</u>, 718 So. 2d 215, 216 (Fla. 1st DCA 1998)).

In the end, the verdict form was not defective because it communicated the jury's determination that Mr. Johnson was guilty on Count 1 of the main offense, selling or delivering cocaine, even making the special finding that the sale occurred within 1,000 feet of a church, all of which necessarily included a determination that Mr. Johnson was guilty of the lesser offense, possession of cocaine. The jury's additional finding of guilt on the lesser included offense was, therefore, surplusage.

Under these circumstances, the trial court conducted the proper analysis under Rule 3.530 and did not err by refusing to reinstruct the jury. We agree with the trial court's decision to follow <u>Sanchez</u> and its conclusion that the form of the verdict demonstrated the jury's intention to find Mr. Johnson guilty of the main offense.

## III.

We AFFIRM Mr. Johnson's convictions and sentences on appeal.

THOMAS and ROWE, JJ., CONCUR.