FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0245
_____

DAPHNE WAKELEY,

Appellant/Cross-Appellee,

v.

STATE OF FLORIDA,

Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Hamilton County.
Wesley R. Douglas, Judge.

November 20, 2024

PER CURIAM.

An *Anders** review of the record in Daphne Wakeley's case reveals no arguable issues on appeal. Wakeley did not preserve any sentencing error by making a contemporaneous objection or by filing a rule 3.800(b) motion. *See Moore v. State*, 768 So. 2d 1140, 1142 (Fla. 1st DCA 2000). Even so, the record supports the trial court's order designating Wakeley as a habitual felony offender. *See* § 775.084(1)(a), Fla. Stat.

_____

* *Anders v. California*, 386 U.S. 738 (1967).

Wakeley argues, in a pro se brief, that the trial court erred in granting his motion for judgment of acquittal notwithstanding the verdict. Such a claim is not authorized. Section 924.07(1)(j), Florida Statutes, provides that "[t]he *state* may appeal from: . . . A ruling granting a motion for judgment of acquittal after a jury verdict." But section 924.06, which provides the orders from which a defendant may appeal, does not include an order granting a judgment of acquittal. *See* § 924.06, Fla. Stat.

Moreover, "[t]he general rule on appeal to review proceedings of an inferior court is that a party to the cause may appeal only from a decision in some respect adverse to him." *Credit Indus. Co. v. Remark Chem. Co.*, 67 So. 2d 540, 541 (Fla. 1953). *See also Earl v. State*, 276 So. 3d 359, 361–62 (Fla. 1st DCA 2019) (dismissing appeal from the trial court's denial of a rule 3.800(a) motion asserting imposition of an illegal sentence because "that illegality is in appellant's favor" and "[i]t is not adverse to him," and concluding appellant was not aggrieved by the judgment). The trial court granted Wakeley's renewed motion for judgment of acquittal, which was in his favor. He cannot now challenge the court's decision to grant his own motion.

AFFIRMED.

ROWE, KELSEY, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Kasey Helms Lacey, Assistant Public Defender, Tallahassee, for Appellant/Cross-Appellee.

Ashley Moody, Attorney General, and Travis W. Munden, Assistant Attorney General, Tallahassee, for Appellee/Cross-Appellant.

2