■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELGIN COOK, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from a judgment of conviction, appellant argues that he was not tried within 120 days of his arrival in New York as required by CPL 580.20 (art IV, subd [c]), the Agreement on Detainers, and requests that the judgment of conviction be reversed and the underlying indictments dismissed, or, in the alternative, that the case be remanded for an evidentiary hearing on the question of whether he was timely tried. At no time did defendant move to dismiss pursuant to CPL 30.30 (subd 1, par [a]). Appellant was sentenced to a four-year term in the Federal Correctional Facility in Sandstone, Minnesota, on October 4, 1976. On January 21, 1977 he was brought to New York pursuant to CPL 580.20 for disposition of the pending State indictments (criminal possession of a forged instrument, second de-

gree, attempted petit larceny, and forgery, second degree). He appeared in court on January 26, 1977 at which time he requested and was granted an adjournment until February 8, 1977 due to a motion pending in Federal Court. Appellant did not appear on February 8. On March 24, 1977 he made pretrial motions, returnable on April 14, 1977 which were not heard until May 23, 1977. On that date, with appellant and both attorneys present, the court ruled that due to his motions, appellant was responsible for the delay from January 21, 1977 to May 23, 1977. On July 7, 1977, the date set for trial, appellant pleaded guilty to attempted criminal possession of a forged instrument and subsequently was sentenced to 1½ to 3 years to run concurrently with his Federal sentence. Appellant contends that he was not timely tried because 138 days intervened between his arrival in New York on January 21, 1977 and June 9, 1977—more than the 120 days permitted by CPL 580.20 (art IV, subd. [c]). (He does not raise any question with respect to the time from June 9, 1977 to July 6, 1977.) He concedes that the 13-day delay attributable to his Federal motion is chargeable to him, reducing the period of delay to 125 days. Appellant argues that the trial court improperly charged 121 of these days to him because no formal continuances were granted on the record "for good cause shown in open court, the prisoner or his counsel being present". (CPL 580.20, art IV, subd [c].) We disagree. There is no requirement in the statute or the case law that such a formal finding must be made with respect to continuances granted within the 120-day period. (See *People v Cranmer*, 55 AD2d 786.) We find that the statements made by the court on May 23, 1977 and June 9, 1977 with respect to charging time to appellant substantially comply with the statutory requirement. We find from the record that at least the time from January 26, 1977 to April 14, 1977 was properly charged to appellant. He did not appear in court or proceed in any way from January 26, 1977 when the case was adjourned at his request, until March 22, 1977 when he made his pretrial motions. Inasmuch as these motions were not returnable until April 14, 1977 appellant clearly was not ready for trial before that date. Appellant must be ready for trial before he can invoke the benefit of the 120-day limitation. (See *People v Cranmer, supra; People v White*, 33 AD2d 217; *People v Bernstein*, 74 Misc 2d 714.) Inasmuch as the trial court substantially complied with the requirements of CPL 580.20, and (subtracting the delays attributable to him) appellant was tried within the 120-day period, no purpose would be served by remanding the case for an evidentiary hearing. (Appeal from judgment of Erie County Court—attempted criminal possession forged instrument, second degree.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.