■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CAL DRUMGOOLE, Appellant, v WILLIAM LOMBARD, as Sheriff of Monroe County, Respondent.— Appeal dismissed on stipulation. (Appeal from judgment of Monroe Supreme Court—habeas corpus.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE EVERETT, Appellant.—Case held, decision reserved and matter remitted to Monroe County Court for further proceedings in accordance with the following memorandum: The defendant appeals from his conviction of attempted burglary in the third degree (Penal Law, §§ 140.20, 110.00). He pleaded guilty following the denial of his motion to dismiss the indictment for failure to grant a speedy trial pursuant to CPL 30.30. The felony complaint was filed against defendant and he was arrested on July 6, 1977. The Grand Jury returned an indictment on November 22, 1977 and he was arraigned on November 30, 1977. The Public Defender's office was then substituted for defendant's privately retained counsel and various pretrial motions were made which resulted in delays unquestionably chargeable to defendant. The record reflects that although motions and applications were thereafter made by both parties which resulted in further delay, there was no calendar activity from March 23, 1978 until a motion pursuant to *People v Sandoval* (34 NY2d 371) was renewed on June 7, 1978. The motion to dismiss the indictment for a denial of a speedy trial was served on June 15, 1978 and ultimately denied by the court on June 20, 1978. Upon a showing by a preponderance of the evidence that the People were not ready for trial within six months of the commencement of a criminal proceeding (CPL 210.45, subd 7) an indictment must be dismissed unless the People establish statutory periods of exclusion which justify the delay (CPL 30.30, subd 4; see, also, *People v Dean,* 45 NY2d 651, 656-657). The People assert that the case was placed on the Trial Calendar on December 14, 1977 and consequently they were ready for trial within six months of the commencement of the criminal action. The record shows that on June 19, 1978, the People advised the court that they were ready to proceed to trial immediately. (See *People v Hamilton,* 46 NY2d 932.) Contrary to the People's assertion, defendant's moving papers contain sworn allegations supporting the essential facts for the claimed violation of his statutory right to a speedy trial in compliance with CPL 210.45 (subd 4). The court denied the motion without a hearing and without making findings concerning the periods of time which must be excluded in computing the time with which the People are required to be ready for trial. We are unable on this record to determine the period of excused delay and consequently the matter is remitted to the trial court to conduct a hearing and make proper findings in accordance with CPL 30.30 (subd 4). *(People v Rivera,* 64 AD2d 815; *People v Cook,* 63 AD2d 841; *People v Del Valle,* 63 AD2d 830.) (Appeal from judgment of Monroe County Court—attempted burglary, third degree.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Moule, JJ.