THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN WATTS, Appellant. — Case held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from his conviction of assault in the second degree (Penal Law, § 120.05) and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [a]). He asserts that an 18-month delay between his arrest and trial violated his constitutional and statutory rights to a speedy trial. Defendant claims for the first time on this appeal that he was denied his statutory right to be speedily tried under CPL 30.30. Defendant has waived his statutory right to a speedy trial because he did not raise the issue in the court of first instance (CPL 30.30; *People v Rodriguez,* 50 NY2d 553, 557; *People v Primmer,* 46 NY2d 1048; *People v Adams,* 38 NY2d 605, 607). His contention that he was precluded from raising the statutory speedy trial issue by virtue of a

preclusion order dated March 28, 1978 is without merit. Defendant was arrested on August 13, 1977 and indicted on October 21, 1977. On October 24, 1977 he was arraigned, pleaded not guilty and was granted a 45-day adjournment to make pretrial motions. When the People later moved to preclude defendant's motions for pretrial relief, he cross-moved on March 23, 1978 to dismiss the indictment on constitutional speedy trial grounds (CPL 30.20). The People's preclusion motion was granted by an order dated March 28, 1978 which recited that appellant appeared with counsel and did not oppose that motion. A court docket entry indicates that defendant's motion was denied, but there was no hearing and no order was entered. The only other entries on the record occurred on August 14, 1978 when the defendant was admitted to bail and on February 5, 1979 when a bench warrant was issued after he failed to appear for trial. The jury trial which resulted in his conviction commenced on February 6, 1979. Defendant's CPL 30.20 motion was made prior to the commencement of trial and upon proper papers and notice (CPL 210.20, subd 2; 255.20, subd 2) and is preserved for appellate review. Almost 18 months elapsed between appellant's arrest and trial. In a case involving the abridgment of a defendant's constitutional right to a speedy trial under CPL 30.20, the court on appeal will consider the entire period from arrest to trial to determine whether or not the delay is improper (see *People v Johnson,* 38 NY2d 271). The factors which must be balanced to determine whether or not a defendant's constitutional right to a speedy trial has been abridged are "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" *(People v Taranovich,* 37 NY2d 442, 445). Although in the instant case it is possible to evaluate the first, third and fourth factors as enumerated in *Taranovich,* the record is insufficient for us to make a determination as to the reason for this substantial delay for the period between the order of preclusion on March 28, 1978 and trial on February 6, 1979. Where there is an extended delay in bringing a defendant to trial the burden is on the People to explain the cause *(People v Singer,* 44 NY2d 241). Where no issue of fact is present, a court can determine whether or not a delay is justified on the record on appeal even where there is no hearing (see *People v Johnson,* 38 NY2d 271, *supra; cf. People v Gruden,* 42 NY2d 214). Where, however, as in the instant case, the record is incomplete the matter must be remitted for a hearing and a record established concerning the reason for delay in prosecution and the impairment, if any, to the defense occasioned by the delay *(People v Singer,* 44 NY2d 241, *supra; People v McLaurin,* 38 NY2d 123; cf. *People v Everett,* 72 AD2d 968; *People v Williams,* 67 AD2d 1094; *People v Rivera,* 64 AD2d 815; CPL 210.45, subd 6). Accordingly, this appeal is held and the matter remitted for a hearing to determine the reason for the delay and its effect, if any, on appellant's defense. (Appeal from judgment of Erie County Court — assault, second degree, and another charge.) Present — Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.