■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL WILLIAMS, Appellant. [720 NYS2d 653] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to dismiss the indictment on the ground that his trial did not commence within the time period specified in article IV (c) of the Interstate Agreement on Detainers (CPL 580.20, art IV [c]). After excluding the period of delay attributable to defendant's omnibus motion, including the People's response and the hearing and decision on the motion (*see, People v Hill*, 92 NY2d 406, 410, *revd on other grounds* 528 US 110; *People v Torres*, 60 NY2d 119, 127-128), the court properly concluded that the trial of defendant commenced within 120 days of his arrival in New York. The court also properly denied that part of the omnibus motion seeking suppression of the statement defendant made to a Town of Gates police officer when defendant was incarcerated on unrelated charges in an Ohio jail. The record supports the court's determination that the statement was not obtained in violation of defendant's right to counsel (*see, People v Bing*, 76 NY2d 331). In addition, the court properly denied that part of the omnibus motion seeking suppression of the identification testimony of a Cleveland police officer who viewed photographs of defendant provided by Gates police officers. The record supports the court's determination that the identification of defendant from the photographs was confirmatory (*see, People v Harewood*, 206 AD2d 437, *lv denied* 84 NY2d 1032) and that, in any event, the officer had an independent basis for an in-court identification. Defendant failed to preserve for our review his contention that the identification testimony of the victim's wife was so unreliable that its admission violated his rights to a fair trial and due process of law (*see*, CPL 470.05 [2]). We decline to exercise

our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The evidence, viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), is legally sufficient to support the conviction, and the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.