*663
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 During pretrial and trial proceedings, defendant successfully requested on two occasions that assigned counsel be relieved based on allegations of misfeasance or nonfeasance. After the unfavorable jury verdict, he adamantly refused the continued services of his third assigned attorney for sentencing and despite counsel’s competence, defendant refused to cooperate with him. At a subsequent sentencing hearing, defendant obstinately refused to enter the courtroom after asserting that he had fired his attorney despite numerous requests and options proffered by the court. Defendant had been informed in unequivocal terms that the Trial Judge intended to sentence him that day.
 

 Defendant would have us impose an absolute rule by which trial courts must obtain right to counsel waivers in all circumstances or continue counsel. In this case, the sentencing court was presented with an impossible choice. Defendant refused to appear in court but was equally adamant through word and deed of his desire to rid himself of his third assigned attorney and represent himself. Had the court permitted counsel to continue to represent defendant against his wishes, it might have run afoul of the proscriptions of
 
 Faretta v California
 
 (422 US 806, 817) and
 
 People v Smith
 
 (68 NY2d 737, 739,
 
 cert denied
 
 479 US 953). Defendant cannot now rely upon the court’s inability to conduct a searching inquiry of defendant on the implications of self-representation at sentencing as a basis for vacating his sentence
 
 (see People v Arroyo,
 
 98 NY2d 101 [decided herewith]).
 

 We reject defendant’s remaining contentions as without merit.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed in a memorandum.