■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE FELDER, Appellant. [793 NYS2d 20]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered May 12, 2003, convicting defendant, after a jury trial, of rape in the first degree and robbery in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 25 years and 15 years, respectively, unanimously affirmed.

The court properly denied defendant's requests for new counsel, made as the trial was about to commence and subsequently during trial (*see People v Sides*, 75 NY2d 822 [1990]). Defendant had ample opportunity to be heard, but never elaborated upon his unfocused tirade against his attorney, and his disruptive conduct made further inquiry impossible. Defendant's only specific complaint about the attorney, which

raised an issue about the attorney's handling of an issue relating to DNA evidence, was utterly meritless. No conflict existed other than that created by defendant through his unjustified hostility toward his competent attorney (*see People v Linares*, 2 NY3d 507 [2004]). Furthermore, the attorney vigorously defended defendant at trial, and there is no evidence that his relationship with defendant had any adverse effect on his conduct of the defense. Accordingly, defendant was not deprived of his right to conflict-free representation.

The court did not violate defendant's right to testify. Defendant made it clear that he wanted to testify, but only if the court assigned new counsel. As noted, there was no basis for reassignment of counsel. Accordingly, defendant was not entitled to place such a condition upon his testimony.

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). As to each of the panelists at issue, we find that the record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), and we do not find any disparate treatment by the prosecutor of similarly situated panelists.

The court did not delegate an essential judicial function to a court officer. The officer performed purely a ministerial function (*see People v Bonaparte*, 78 NY2d 26 [1991]) when, at the court's direction, he relayed certain communications between the court and defendant after defendant concededly waived his right to be present at trial and refused to leave the court pens.

The court lawfully imposed consecutive sentences for the rape and robbery convictions, which were based on separate acts (*see People v Brathwaite*, 63 NY2d 839, 843 [1984]). We perceive no basis for reducing the sentence.

Defendant's remaining contention is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Mazzarelli, J.P., Saxe, Marlow, Gonzalez and Sweeny, JJ.