THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HARRISON, Appellant. [803 NYS2d 5]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered June 30, 2003, convicting defendant, after a jury trial, of sodomy in the first degree (three counts), rape in the first degree (two counts), robbery in the first degree and burglary in the first degree, and sentencing him, as a second violent felony offender, to consecutive terms of 25 years on each conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The proof connecting defendant with the crime consisted almost entirely of DNA evidence, and defendant now argues that the evidence was legally insufficient for this reason. This claim, however, is not preserved for appellate review as it was never advanced at trial (*People v Gray*, 86 NY2d 10 [1995]). In any event, if we were to review defendant's claim, we would reject it. Here, the DNA evidence was particularly powerful and established defendant's identity beyond a reasonable doubt (*see People v Wesley*, 83 NY2d 417, 420 [1994]; *People v Rush*, 242 AD2d 108 [1998], *lv denied* 92 NY2d 860 [1998]; *see also People v Yancey*, 24 NY2d 864 [1969] [fingerprint evidence sufficient to establish identity]).

The court properly denied defendant's motion to dismiss the indictment as time-barred. The People established that "the

whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence" (CPL 30.10 [4] [a] [ii]). The circumstances under which the crime was committed rendered it impossible to identify a suspect until the arrival of recent advances in DNA technology. Accordingly, the court properly found that the statute of limitations was tolled (*see People v Seda*, 93 NY2d 307 [1999]).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Andrias, Ellerin, Gonzalez and McGuire, JJ.