THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SIMMS, Appellant. [807 NYS2d 503]—

Appeal from a judgment of the Monroe County Court (William H. Bristol, J.), rendered May 26, 1995. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of four counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]) and sentencing him as a persistent felony offender. We reject the contention of defendant that County Court erred in denying his motion to dismiss the indictment on the ground that his trial was not commenced within the time period set forth in article IV (c) of the Interstate Agreement on Detainers (CPL 580.20). Certain delays were attributable to the disposition of motions made by defendant, including time for the People's responses thereto, the hearing conducted with respect to such motions, and the decisions rendered by the court, and thus those delays are excluded from the period of time chargeable to the People (*see People v Torres*, 60 NY2d 119, 127-128 [1983]; *People v Williams*, 278 AD2d 806 [2000], *lv denied* 96 NY2d 808 [2001]; *People v Cook*, 63 AD2d 841 [1978]). The remaining delays were adjournments requested by defendant after he was assigned new counsel. Contrary to defendant's contentions, there is no requirement that the court make "a formal finding" on the record of good cause for a continuance (*Cook*, 63 AD2d at 842), and the record establishes that the continuances were reasonable and necessary.

Defendant further contends that he was effectively deprived of his right to counsel during the suppression hearing because he had a conflict with defense counsel. Defendant failed to meet his burden of establishing good cause for substitution of counsel (*see generally People v Linares*, 2 NY3d 507, 510-511 [2004]). A defendant is guaranteed meaningful representation but is not guaranteed a harmonious relationship with defense counsel, particularly where, as here, the defendant is contumacious (*see id.* at 511). The tension that arose between defendant and defense counsel because of defendant's disagreement with defense counsel's strategy does not constitute the requisite good cause for substitution (*see People v Walton*, 14 AD3d 419, 419-420 [2005], *lv denied* 5 NY3d 796 [2005]; *People v Saladeen*, 12 AD3d 1179, 1180 [2004], *lv denied* 4 NY3d 767 [2005]; *People v Holmes*, 284 AD2d 984 [2001], *lv denied* 96 NY2d 919 [2001]). Indeed, the record establishes that the only conflict of interest was that created by defendant because of his unjustified hostility toward his assigned counsel (*see People v Felder*, 17 AD3d 126, 127 [2005], *lv denied* 5 NY3d 788 [2005]).

Defendant failed to preserve for our review his contention that the persistent felony offender statute is unconstitutional

(*see People v Besser*, 96 NY2d 136, 148 [2001]; *People v Watkins*, 17 AD3d 1083, 1084 [2005], *lv denied* 5 NY3d 771 [2005]) and, in any event, that contention is without merit (*see People v Rivera*, 5 NY3d 61, 63 [2005], *cert denied* — US —, 126 S Ct 564 [2005]; *People v Nelson*, 16 AD3d 1172 [2005], *lv denied* 5 NY3d 766 [2005]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe and Gorski, JJ.