■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SANTOS, Appellant. [838 NYS2d 74]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 19, 2003, convicting defendant, after a jury trial, of murder in the first degree (six counts), burglary in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal use of a firearm, and sentencing him, as a second felony offender, to an aggregate term of life without parole, unanimously affirmed.

Since defense counsel consented to the annotated verdict sheet and had no objections to the charge, defendant's current arguments concerning these matters are waived or unpreserved, and we decline to reach them in the interest of justice. Were we to consider them, we would find that neither the verdict sheet nor the isolated portion of the charge challenged on appeal created a reasonable possibility of misleading the jury into thinking that the defense of extreme emotional disturbance did not apply to murder in the first degree, or that the jury had the option (as opposed to the obligation) to consider that defense. The court explicitly told the jury that this defense applied to first-degree murder, and nothing in the verdict sheet or charge contradicted that instruction or created any potential for uncertainty in the minds of the jurors as to the application of the defense. Defendant's present objections to the verdict sheet and charge are essentially matters of form, not substance.

Defendant's argument that part of the testimony of the People's expert violated the Confrontation Clause is unpreserved (*see e.g. People v Rivera*, 33 AD3d 450, 451 [2006], *lv denied* 7 NY3d 928 [2006]), and we reject defendant's various arguments to the contrary. We decline to reach this claim in the interest of justice. Were we to consider it, we would find that any error was harmless, particularly since the offending testimony was a minor component of the evidence offered by the People in opposition to defendant's extreme emotional disturbance defense (*see id.*).

The record establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant's ineffective assistance claim is based on his attorney's consent to the annotated verdict sheet and his failure to object to the above-mentioned aspects of the court's charge and the People's evidence, as well as to a portion of the People's summation. We conclude that none of these alleged deficiencies could have caused defendant any prejudice, and that none of these issues were such that prejudice should be presumed from counsel's failure to raise them (*compare Bloomer v United States*, 162 F3d 187, 194 [2d Cir 1998]). There is no merit to defendant's argument that by these omissions, "[c]ounsel essentially consented to the elimination of the jury's consideration of appellant's defense."

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The police had probable

cause to arrest defendant, even though he only partially met a witness's description of the suspect, and was wearing a different type and color of shirt from that contained in the description, because other circumstances clearly pointed to him (*see e.g. People v Lineberger*, 282 AD2d 369, 370 [2001], *affd* 98 NY2d 662 [2002]). Specifically, shortly after the burglary/homicide, defendant was the only person present in a small courtyard that was only accessible by climbing down from the apartment where the crime occurred, or from another apartment, or by scaling a fence or locked gate. In these circumstances, defendant's presence was more significant than whether or not he met the description, since it was highly unlikely that, in the short time since the crime, the suspect had left the courtyard and another person had entered by one of these cumbersome methods for no apparent reason.

We find no basis to disturb the sentence. Concur—Sullivan, J.P., Buckley, Gonzalez, Sweeny and Kavanagh, JJ.