█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. BROWN, Appellant. [856 NYS2d 672]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered July 13, 2005, convicting him of sodomy in the first degree (two counts), assault in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In 1993 the then nine-year-old complainant was sexually assaulted on the roof of an apartment building by an assailant whom she did not know. The complainant was later treated at the hospital and a sexual assault evidence kit was prepared. The DNA profile created in 2002 from the sexual assault evidence kit was matched to a DNA profile taken from the defendant and, in 2003 an indictment charging, inter alia, sodomy in the

first degree (two counts) and assault in the second degree (two counts) was filed against the defendant.

At trial, the Supreme Court admitted into evidence, as a business record, the file of the Office of the Chief Medical Examiner (hereinafter OCME), which included DNA reports produced from the sexual assault evidence kit and oral swabs taken from the defendant. These exhibits were admitted through the testimony of an OCME forensic biologist, who testified that the data upon which she based her opinions was generated by employees of both the OCME and a private laboratory that subcontracted with the OCME, and that she had confirmed the accuracy of the private laboratory's finding. Contrary to the defendant's contention, the DNA evidence was properly admitted under the business record exception to the hearsay rule (*see* CPLR 4518 [a]; *People v Rawlins,* 10 NY3d 136, 158-160 [2008]; *People v Cratsley,* 86 NY2d 81, 90-91 [1995]; *People v Grogan,* 28 AD3d 579, 581 [2006]; *People v Baylor,* 25 AD3d 562 [2006]; *cf. People v Bones,* 17 AD3d 689, 690 [2005]) and did not violate his Sixth Amendment right to confront his accusers (*see Crawford v Washington,* 541 US 36 [2004]).

Moreover, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the prosecution was barred by the five-year statute of limitations pursuant to CPL 30.10 (2) (b). Although the indictment was filed in July 2003, nearly 10 years after the incident, the defendant's whereabouts were continuously unknown and continuously unascertainable by the exercise of reasonable diligence until the defendant's DNA profile from the sexual assault evidence kit was matched to DNA evidence taken from the defendant pursuant to a subsequent incarceration (*see* CPL 30.10 [4] [a] [ii]; *People v Seda,* 93 NY2d 307, 311 [1999]; *People v Grogan,* 28 AD3d 579, 580-581 [2006]; *People v Lloyd,* 23 AD3d 296, 297 [2005]; *People v Harrison,* 22 AD3d 236 [2005]). Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur. [*See* 9 Misc 3d 420 (2005).]