■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY COPPIN, Appellant. [866 NYS2d 103]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered October 11, 2006, convicting defendant, after a jury trial, of kidnapping in the second degree, attempted rape in the first degree, criminal sexual act in the first degree and sexual abuse in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 45 years to life, unanimously modified, on the law, to the extent of vacating the sex offender risk level determination without prejudice to future proceedings, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its evaluation of the effect of the victim's drug use on her perceptions at the time of the crime, and its rejection of defendant's testimony.

Defendant waived his right to be present at a *Sandoval/Molineux* hearing when he refused to be produced in the courtroom (*see People v Spotford*, 85 NY2d 593, 598-599 [1995]; *People v Epps*, 37 NY2d 343, 349-351 [1975], *cert denied* 423 US 999 [1975]). Defense counsel reported to the court that defendant refused to enter the courtroom for any purpose, including the purpose of waiving his right to be present. By sending defense counsel to explain to defendant his right to be present and inform him that the proceedings would continue in his absence if he waived that right, the court did not delegate a judicial function (*see People v Felder*, 17 AD3d 126, 127 [2005], *lv denied* 5 NY3d 788 [2005]). The court, not counsel, made the determination that defendant had waived his right to be present; indeed, counsel objected to the court's ruling that defendant had waived his rights. We also conclude that the court properly exercised its discretion when, citing potential danger to court and Department of Correction personnel, it declined to order defendant forcibly produced for the purpose of advising him of his right to be present and securing an express waiver of that right.

Defendant's refusal to be produced for sentencing made it impossible for the court to clarify defendant's position as to whether he wished to proceed with counsel or represent himself for that proceeding (*see People v Lineberger*, 98 NY2d 662 [2002]). In any event, given the surrounding circumstances, any violation of defendant's right to counsel at sentencing had no adverse impact, and he is not entitled to the remedy of a remand for resentencing (*see People v Wardlaw*, 6 NY3d 556, 559-561 [2006]), which "would serve no useful purpose." (*People v Adams*, 52 AD3d 243, 244 [2008].)

As the People concede, the court prematurely adjudicated defendant a level three sex offender, without a recommendation from the Board of Examiners of Sex Offenders. We therefore vacate that determination. Such a determination should be made prior to defendant's release from prison in accordance with Correction Law § 168-*l*.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.