■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RAMOS, Appellant. [877 NYS2d 177]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 22, 2006, convicting him of rape in the first degree, sodomy in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The initial trial of the defendant resulted in a mistrial. Thereafter, at the second trial, the defendant elected to exercise his right to self-representation. Contrary to the defendant's contention, he was not denied that right when the court appointed a new attorney to act as standby counsel *(see People v Sawyer,* 57 NY2d 12, 21 [1982]; *cf. People v Smith,* 68 NY2d 737 [1986]).

The prosecution was not barred by the five-year statute of limitations pursuant to CPL 30.10 (2) (b). Although the indictment was filed in May 2003, nearly 10 years after the incident, the defendant's whereabouts were continuously unknown and continuously unascertainable by the exercise of reasonable diligence until his DNA profile from a sexual assault evidence kit was matched to DNA evidence taken from him pursuant to a subsequent incarceration *(see* CPL 30.10 [4] [a] [ii]; *People v Seda,* 93 NY2d 307, 311 [1999]; *People v Brown,* 50 AD3d 1154 [2008]; *People v Grogan,* 28 AD3d 579, 580-581 [2006]; *People v Lloyd,* 23 AD3d 296, 297 [2005]; *People v Harrison,* 22 AD3d 236 [2005]).

Moreover, under the circumstances of this case, where the defendant waived his right to be present at trial and refused to

leave the court confinement pens, the court did not delegate an essential judicial function to a court clerk when, at the court's direction, the clerk explained to the defendant his right to be present and informed him that the trial would continue in his absence (*see People v Epps,* 37 NY2d 343 [1975]; *People v Coppin,* 55 AD3d 374, 375 [2008]; *People v Felder,* 17 AD3d 126, 127 [2005]).

The defendant's contentions regarding an ex post facto prosecution and a violation of due process during sentencing are unpreserved for appellate review and, in any event, are without merit.

The defendant's contention, raised in his supplemental pro se brief, that the court improperly assumed the role of an advocate, involves matter dehors the record and may not be reviewed on direct appeal (*see People v Purdie,* 50 AD3d 1065 [2008]). Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.