■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL BLACK, Appellant. [973 NYS2d 203]—

Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered July 2, 2010, as amended July 28, 2010 and August 26, 2010, convicting defendant, after a jury trial, of burglary in the second degree (two counts), grand larceny in the third degree and bail jumping in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 34 years to life, unanimously affirmed.

Defendant, who was convicted of two separate burglaries, asserts that one of these convictions was against the weight of the evidence. We reject this argument (*see People v Danielson*, 9 NY3d 342, 348 [2007]), and instead find that the evidence supporting the conviction at issue was overwhelming. The DNA expert's testimony established the reliability of her methodology. Based on this testimony, there was no reasonable possibility that the DNA found at the scene of the burglary belonged to anyone other than defendant (*see People v Harrison*, 22 AD3d 236 [1st Dept 2005], *lv denied* 6 NY3d 754 [2005]). Defendant's identity as the person who committed the burglary was further

established by his use of the same distinctive modus operandi in both burglaries.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court limited the extent to which the People could elicit defendant's very extensive and serious criminal history, and his burglary and trespass convictions, among other things, were probative of his credibility and were not unduly prejudicial.

Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that although the prosecutor made some inappropriate propensity arguments and appealed to the emotions of the jurors, defendant was not deprived of a fair trial, and the errors were harmless in light of the overwhelming evidence supporting all of the charges (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence. Concur— Sweeny, J.P., Renwick, Feinman and Clark, JJ.