*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                107013
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

MICHAEL MONTAGUE,
                        Appellant.
_____

Calendar Date:  April 28, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Rose, JJ.

_____

        O'Connell & Aronowitz, Albany (Stephen R. Coffey of
counsel), for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____

Lahtinen, J.

        Appeals (1) from a judgment of the County Court of Albany
County (Herrick, J.), rendered June 13, 2014, convicting
defendant upon his plea of guilty of the crime of possessing a
sexual performance by a child (two counts), and (2) from a
judgment of said court, rendered June 27, 2014, which resentenced
defendant.

        On January 28, 2009, defendant's computer was seized by the
Town of Colonie Police Department (hereinafter TCPD) after a
computer repair technician reported that he discovered the
computer contained what he believed to be child pornography.  The
following day defendant was questioned by the TCPD and, in July
2009, it obtained a search warrant to analyze the content of

defendant's computer. On December 4, 2013, defendant was indicted and charged with 26 counts of possessing a sexual performance by a child, a class E felony. Relevant to this appeal, defendant moved to dismiss the indictment contending that the nearly five-year delay in obtaining the indictment was unreasonable and violated his due process rights. Although defendant requested and the People consented to a Singer hearing (see People v Singer, 44 NY2d 241 [1978]), County Court summarily denied defendant's motion. Thereafter, reserving his right to appeal the Singer issue, defendant pleaded guilty to two counts of the indictment and, after an initial sentencing error, was resentenced to concurrent prison terms of 1⅓ to 4 years, which County Court stayed pending disposition of the instant appeals.

The parties agree that there has been a protracted preindictment delay that places the burden on the People to establish good cause for that delay (see People v Decker 13 NY3d 12, 14 [2009]; People v Singer, 44 NY2d at 253-254; People v Gallup, 224 AD2d 838, 839 [1996]). The People state in their brief that there are no issues of fact regarding the issue before this Court and the record on appeal provides an adequate basis to determine whether the protracted delay was justified.[1]

In determining whether there is an undue delay, the trial

_____

    [1] As the dissent acknowledges, the People have taken the position on appeal that the matter should be decided on this record and not remitted for a Singer hearing. Inasmuch as "the parties are free to chart their own procedural course and may fashion the basis upon which a particular controversy will be resolved" (People v Tatro, 245 AD2d 1040, 1040-1041 [1997] [internal quotation marks and citations omitted]; see People v Correa, 197 AD2d 430, 432 [1993], lv denied 82 NY2d 892 [1993]), it is not for us to point out the gaps in the People's proof and then remit to afford the People an opportunity to submit additional proof to meet their burden, particularly when they do not seek such an opportunity. There is no indication that the People had taken such a position regarding not remitting for a hearing in People v Watts (78 AD2d 1008 [1980]), a case upon which the dissent relies.

court must consider "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445 [1975]).  Here, although defendant was not incarcerated during the period of delay and the nature of the charges are serious,[2] the extent of the delay was clearly extensive.  The People attribute the delay to the fact that the matter was initially referred to the office of the United States Attorney for the Northern District of New York for prosecution, and point to vague references of personnel changes within that office, as well as that office's decision, at some point, not to prosecute.

This was not a complex legal matter and the record establishes that no further evidence was needed in order to charge defendant beyond that gathered in the 2009 investigation conducted by the TCPD.  The record indicates that the investigator from the TCPD was part of a task force that included federal investigators, and, according to the People, in January 2011, the task force brought this matter to the office of the United States Attorney.  At that time, it appears that defendant's then attorney initiated unsuccessful plea bargain negotiations.  Thereafter, for reasons not entirely clear from

---

[2]  We agree with the dissent that these crimes are serious.  However, analysis of this factor is "not . . . dependent upon what one is charged with, but rather that the prosecutor may understandably be more thorough and precise in his [or her] preparation for the trial of a [serious felony]" (People v Taranovich, 37 NY2d 442, 446 [1975]; see People v Johnson, 38 NY2d 271, 277-278 [1975]).  "It should not be assumed . . . that all serious offenses require a slow and careful preparation that justifies extended delay [and] [a] court still focuses on the particular factors of a case to determine its simplicity or complexity" (3 Kamins, Mehler, Schwartz & Shapiro, New York Criminal Prac § 26.03 [6]).  This record reveals neither a complex case nor that preparation for the case had anything to do with the delay (see People v Johnson, 38 NY2d at 277).

the record, the United States Attorney declined to prosecute and the TCPD brought the file to the Albany County District Attorney's office in November 2013.  On this record, the People fail to establish good cause as to why they delayed in exercising their own jurisdiction to proceed with prosecution for nearly five years from the date of defendant's alleged crime to the date of the indictment.  The fact that this matter was initially referred to the United States Attorney and the TCPD did not bring this file to the Albany County District Attorney until November 2013 provides no justifiable excuse for the delay, since both offices are coordinate arms of the state in the criminal law enforcement field and any delay occasioned by one is chargeable to both (see People v Masselli, 13 NY2d 1, 4 [1963]; People v Rivera, 298 AD2d 612, 614 [2002], lv denied 99 NY2d 619 [2003]).

Under these circumstances, we find that the length of the delay is such that dismissal is the appropriate remedy, despite the absence of any actual prejudice to defendant (see People v Wheeler, 289 AD2d 959, 960 [2001]; People v Townsend, 270 AD2d 720, 721 [2000]; People v Gallup, 224 AD2d at 840).  Furthermore, the fact that defendant was aware of the pending charges and engaged in preindictment plea negotiations is immaterial, as this does not excuse the People's responsibility for assuring prompt prosecution (see generally People v Staley, 41 NY2d 789, 793 [1977]).

McCarthy and Rose, JJ., concur.


Peters, P.J. (dissenting).

I respectfully dissent.  While I agree with the majority that the preindictment delay at issue here was protracted, I cannot abide my colleagues' conclusion that the record on appeal provides an adequate basis upon which to determine whether such delay was justified.

In addressing an assertion of undue delay, we "must engage in a sensitive weighing" of the five factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), namely, "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the

underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (id.; see People v Decker, 13 NY3d 12, 14-16 [2009]). "[N]o one factor or combination of the factors . . . is necessarily decisive or determinative . . ., but rather the particular case must be considered in light of all the factors as they apply to it" (People v Taranovich, 37 NY2d at 445).

Four of the Taranovich factors are readily ascertainable and evaluated here. The preindictment delay, which lasted nearly four years and 10 months, was clearly extensive. On the other hand, the underlying charges — 26 counts of possessing a sexual performance by a child, a class E felony (see Penal Law § 263.16) — were very serious,[1] and defendant was neither incarcerated pretrial nor subjected to any actual prejudice by reason of the delay.

The record, however, is shockingly sparse concerning the reason for the preindictment delay. In opposition to defendant's motion to dismiss, the People asserted that the Town of Colonie Police Department originally referred the matter to the office of the United States Attorney for the Northern District of New York and did not provide the People with defendant's file until November 2013. However, without explaining the source of their knowledge, they go on to summarize events that took place before they received the file, including unsuccessful preindictment negotiations between defense counsel and a federal prosecutor, defendant's firing of his attorney, the assignment of a new Assistant United States Attorney to the case and the decision of the United States Attorney not to prosecute defendant.

---

[1] Specifically, defendant was charged with the possession of 26 digital video files containing graphic and disturbing titles such as "baby rape," "family fun dad teaches bro and sis abt 9,10 kid sex incest," "illegal Lolita daughter incest," "child prostitute XXX HC Pedo," "Bedtime Rape Until Cum private pedo child girl," "Two 7,8 Yr. Old Girls Gives Hand-Job to Man" and "XXX — Incest — 5 yo raped, hymen penetrated."

The People's proffered reasons raise more questions than they answer. For example, the People did not reveal when and how they first learned that the matter had been referred to the United States Attorney, nor did they offer any explanation as to why they did not prosecute defendant while he was subject to federal indictment. While the answers to these questions, and others, may not be readily available, I find it significant that the People consented to a <u>Singer</u> hearing, thereby suggesting that they possessed additional information that could illuminate the circumstances that precipitated the delay.[2] That the statements made in the sparse, 1½-page affidavit submitted by the People are based merely upon a review of the files maintained by the Albany County District Attorney — and do not come from someone with personal knowledge of the circumstances — further supports this conclusion.

With so little information provided as to the precise reasons for the delay, I find it "impossible for any court to engage in th[e required] balancing process" (<u>Matter of Benjamin L.</u>, 92 NY2d 660, 670 [1999]; <u>see</u> <u>People v Singer</u>, 44 NY2d 241, 255 [1978]; <u>see generally</u> <u>People v Watts</u>, 78 AD2d 1008, 1009 [1980]; <u>People v Keane</u>, 34 Misc 3d 159[A], 2012 NY Slip Op 50439[U], *1-*2 [Sup Ct, App Term 2012]), and am unable to fathom why County Court failed to conduct a <u>Singer</u> hearing. Although the reason for the delay "may not be determinative, it might be relevant in relation to the other enumerated factors" (<u>Matter of Benjamin L.</u>, 92 NY2d at 670 [internal citations omitted]), particularly in light of the serious nature of the charges, the fact that defendant was not incarcerated pretrial and the absence of any demonstrated prejudice to defendant. While I am mindful that the People bear "the burden of establishing the reasons for the delay, [their] failure to do so on this record should not be conclusive" (<u>id.</u>; <u>see</u> <u>People v Singer</u>, 44 NY2d at 255). In my view, a genuine injustice would result were our Court to dismiss this most serious indictment without affording the People an

---

[2] I am not persuaded that a <u>Singer</u> hearing is unnecessary simply because the People — in urging this Court to affirm County Court's denial of the motion — appeared to say as much in their submissions to this Court and at oral argument.

"opportunity to present additional evidence" (<u>People v Singer</u>, 44 NY2d at 255) so as to allow County Court to fully "explore the reason for the delay" and engage in a sensitive balancing of the <u>Taranovich</u> factors (<u>Matter of Benjamin L.</u>, 92 NY2d at 670; <u>see generally</u> <u>People v Watts</u>, 78 AD2d at 1009).  Accordingly, in accordance with <u>People v Watts</u> (78 AD2d at 1009), I would hold the appeal in abeyance and remit the matter to County Court for a <u>Singer</u> hearing and determination before a different judge.


        ORDERED that the judgments are reversed, on the law, and indictment dismissed.



                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court