The People of the State of New York, Respondent,
against
Anthony M. Daino, Appellant.



Appeal from a judgment of the Justice Court of the Village of Harriman, Orange County (Renee Hill, J.), rendered September 25, 2014. The judgment, after a nonjury trial, convicted defendant of failing to stop at a stop sign.




ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]). 
To the extent that defendant's arguments on appeal can be viewed as contesting whether his conviction was supported by legally sufficient evidence, this claim is unpreserved for appellate review since he failed to move to dismiss the charge on this ground at trial (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Raghubir, 39 Misc 3d 138[A], 2012 NY Slip Op 52476[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the police officer's testimony, that he had observed defendant's vehicle approach a stop sign located on a corner of Church Street in Harriman, New York, and continue to go forward, having failed to make a complete stop, was legally sufficient to establish defendant's guilt of violating Vehicle and Traffic Law § 1172 (a) beyond a reasonable doubt. Furthermore, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People Danielson, 9 NY3d 342 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant failed to preserve his claim of bias for appellate review, as he did not interpose "any specific, relevant objection to the trial court's alleged bias" (People v Prado, 1 AD3d 533, 534 [2003]; see People v Gold, 42 Misc 3d 139[A], 2014 NY Slip Op 50173[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Bellamy, 5 Misc 3d 131[A], 2004 NY Slip Op 51347[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). In any event, there is nothing in the record to support defendant's contention that the court acted in a manner that deprived him of a fair trial or demonstrated any bias toward him (see People v Solanet, 44 Misc 3d 138[A], 2014 NY Slip Op 51253[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Kikkenborg, [*2]27 Misc 3d 133[A], 2010 NY Slip Op 50710[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Defendant's remaining contentions rely on matter dehors the record and, therefore, may not be reviewed on direct appeal (see People v Addison, 107 AD3d 730 [2013]; People v Ramos, 61 AD3d 783 [2009]; People v Tetrault, 53 AD3d 558 [2008]). 
Accordingly, the judgment of conviction is affirmed.

Iannacci, J.P., Marano and Tolbert, JJ., concur.
Decision Date: May 25, 2016