People v Cepeda (2018 NY Slip Op 00907)





People v Cepeda


2018 NY Slip Op 00907


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


5656 5061/13

[*1]The People of the State of New York, Respondent,
v
David Cepeda, Defendant-Appellant.


Law Office of Randall D. Unger, Bayside (Randall D. Unger of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J. at suppression hearing; A. Kirke Bartley, Jr., J. at jury trial and sentencing), rendered November 5, 2015, as amended December 9, 2015, convicting defendant of burglary in the first degree and robbery in the first and second degrees, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.
The court properly denied defendant's motion to suppress physical evidence and his statement to police. Probable cause for defendant's arrest resulted from the totality of the circumstances, most notably the fact that the police found defendant hiding under garbage in a dumpster, in very close spatial and temporal proximity to a reported crime from which the suspects had fled (see generally People v Shulman, 6 NY3d 1, 26 [2005]). Even without a description of the suspects, the only reasonable inference, from all the information known to the police, was that defendant was one of the participants (see People v Santos, 41 AD3d 324, 326 [1st Dept 2007], lv denied 9 NY3d 926 [2007]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). Moreover, the evidence of defendant's guilt was overwhelming. There is no basis for disturbing the jury's credibility determinations. In addition to defendant's spontaneous and highly incriminating statement to the police, there was extensive circumstantial evidence, including cell phone evidence and conduct displaying consciousness of guilt.
The trial court providently exercised its discretion in admitting into evidence a handgun recovered near the crime scene, about 13 hours later (see e.g. People v Sosa, 255 AD2d 236 [1st Dept 1998], lv denied 93 NY2d 979 [1999]). The pistol met the description of a weapon used in the crime, and it was found on a nearby rooftop under circumstances suggesting that one of the participants may have left it there.
The court also providently exercised its discretion in precluding the defense from cross-examining a police witness about allegations of misconduct in a civil lawsuit filed against him and other officers involved in an allegedly false arrest, and subsequently settled by the City of New York. Defendant failed to identify "specific allegations that are relevant to the credibility of the law enforcement witness" (People v Smith, 27 NY3d 652, 662 [2016]). There was no showing of this officer's role in the underlying allegedly false arrest, other than signing a criminal complaint based on information received from a fellow officer. Defendant's constitutional claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).
In any event, in light of the overwhelming evidence of defendant's guilt, any error in the [*2]trial court's rulings on the admission of the pistol into evidence and the limitation of defendant's cross-examination was harmless (see People v Crimmins, 36 NY2d 230, 243 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK