People v Ventura (2018 NY Slip Op 08233)





People v Ventura


2018 NY Slip Op 08233


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7760 5814/10

[*1]The People of the State of New York, Respondent,
v
George Ventura, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered August 9, 2014, as amended August 12, 2016, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years to life and 15 years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's requests for new counsel, made during the suppression hearing and jury selection (People v Sides, 75 NY2d 822, 824 [1990]; People v Medina, 44 NY2d 199, 207 [1978]). Regardless of the sufficiency of the first inquiry, the court conducted a thorough inquiry into defendant's second request (see People v Nelson, 7 NY3d 883, 884 [2006]), and it gave defendant numerous opportunities to elaborate on his conclusory statements that defense counsel was unprepared (see People v Linares, 2 NY3d 507, 511 [2004]). Defendant's only specific complaints were unfounded (see People v Felder, 17 AD3d 126, 126-27 [1st Dept], lv denied 5 NY3d 852 [2005]). When defense counsel joined in defendant's application, he cited only defendant's recent request and defendant's belligerence in court the preceding day as the basis for his request, which did not amount to an irreconcilable conflict that required counsel to be relieved. "No conflict existed other than that created by defendant through his unjustified hostility toward his competent attorney" (id. at 127).
Arrest photos of defendant should have been excluded as irrelevant, and a witness's testimony about, and speculative explanation for, "bad blood" between defendant and the victim should have been excluded as being beyond the witness's personal knowledge. However, we find both errors harmless (see People v Crimmins, 36 NY2d 230 [1975]). There was overwhelming evidence of defendant's guilt, from a variety of sources, including compelling evidence of defendant's consciousness of guilt.
At a Sirois hearing (Matter of Holtzman v Hellenbrand, 92 AD2d 405 [1983]), the People proved, by clear and convincing evidence, that, by causing a witness's unavailability, defendant forfeited his right to confront the witness and rendered his witness's out-of-court statement admissible. Defendant did not preserve his claim that the witness's statement was insufficiently reliable to be admitted, and we decline to review it in the interest of justice. As an alternative holding, we find there was sufficient indicia of reliability (see People v Cotto, 92 NY2d 68, 77-78 [1998]), including, among other things, corroboration by two other eyewitnesses.
The court lawfully imposed consecutive sentences for murder and simple weapon possession (Penal Law § 265.03 [3]), because the evidence supports the inference that [*2]defendant's unlawful possession of the weapon on the street was complete before he
drew the weapon and shot the victim (see People v Brown, 21 NY3d 739, 750-751 [2013]). We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK