People v Rosenberg (2022 NY Slip Op 50482(U))

[*1]

People v Rosenberg (Rudolph)

2022 NY Slip Op 50482(U) [75 Misc 3d 133(A)]

Decided on June 13, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 13, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570033/18

The People of the State of New York,
Respondent,
against
Rudolph Rosenberg,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered December 8, 2017, after a nonjury trial,
convicting him of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered December 8, 2017,
affirmed.
The prosecutor's information was jurisdictionally valid because the information it superseded
contained nonhearsay allegations establishing every element of disorderly conduct (see
Penal Law § 240.20) and the defendant's commission thereof (see People v Inserra, 4 NY3d 30,
32 [2004]). Defendant's intent to cause public inconvenience, annoyance or alarm, or recklessly
create a risk thereof (see People v
Weaver, 16 NY3d 123, 128 [2011]) could be readily inferred from allegations that
inside the New York City Civil Court building, on a specified weekday afternoon, defendant was
observed "yelling, at a loud volume" obscene and abusive language at a clerk, i.e. "you are a
fucking moron, go get a fucking education, if you did not have this job you would probably be on
welfare"; "yell[ing] loudly" at another clerk and "pok[ing] his finger close to the clerk's face,"
causing approximately twelve people in the area to stop and watch defendant; and then, as he was
placed under arrest, defendant "twisted his body" away from the court officer and stated "get the
fuck off me," making it difficult to effect the arrest. (see People v Lee, 55 Misc 3d 138[A], 2017 NY Slip Op
50521[U][App Term, 1st Dept 2017], lv denied 29 NY3d 1092 [2017]; see also
People v Birch, 70 Misc 3d 144[A], 2021 NY Slip OP 50199[U] [App Term, 1st Dept
2021], lv denied 37 NY3d 954 [2021]).
The court properly found that defendant made a knowing, voluntary and intelligent decision,
expressed through word and deed, to waive his right to counsel and proceed pro se (see People v Smith, 129 AD3d
997, 998 [2015], lv denied 27 NY3d 992, 1006 [2016]; People v Lineberger,
98 NY2d 662 [2002]). As the court specifically found, defendant "did everything he could to
obstruct the proceedings" by firing, rejecting, belittling or threatening to sue no fewer than three
court-appointed attorneys - offered at various stages throughout these protracted [*2]proceedings even though defendant did not qualify for appointed
counsel - and one whom had been retained for him (People v Rosenberg, 58 Misc 3d 1203[A], 2017 NY Slip Op
51916[U][Crim Ct, NY County 2017]; see People v McElveen, 234 AD2d 228, 231
[1996], lv denied 89 NY2d 1097 [1997] [defendant's "failure to cooperate with so many
appointed attorneys during the course of these proceedings constitutes the effective waiver of the
right to counsel"]).
The knowing and voluntary nature of the waiver was supported by, inter alia, defendant's
age, experience, education, his performance representing himself and past pro se filings (see People v Providence, 2 NY3d
579, 583-584 [2004]). The record also contains defendant's CPL article 730 examination
report, finding defendant fit to proceed, wherein defendant stated to the examiner that he had
done "relatively well" representing himself pro se in his 2016 case and that he resented being
"forced to have a lawyer" in an unrelated 2017 case (see e.g. People v Vivenzio, 62 NY2d
775 [1984]; People v Morrow, 143
AD3d 919 [2016], lv denied 28 NY3d 1148 [2017]; People v Riddick, 299
AD2d 562 [2002], lv denied 99 NY2d 619 [2003]).
Furthermore, after this finding, the court adjourned the matter until December 4, 2017 - a
nearly ten week adjournment - so that defendant would have time to change his mind and hire an
attorney or prepare to represent himself. The court emphasized, however, that December 4, 2017
was a firm trial date and warned that the case would proceed to trial whether or not defendant
had counsel. Moreover, the court advised defendant of the "dangers and disadvantages of
proceeding without counsel" (see People v Providence, 2 NY3d at 582), explained that
defendant would be better off with an attorney than without one; and warned him that without
counsel he faced a greater likelihood of conviction, that he could be sentenced to up to one year
in jail and a fine on each class A misdemeanor count, and that he faced a range of negative
immigration consequences if he was not a United States citizen.
When defendant appeared for trial, he requested appointed counsel. The court properly
rejected this request as a "transparent delay tactic" and concluded that defendant voluntarily
waived the right to counsel (see People
v Henriquez, 3 NY3d 210 [2004]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 13, 2022